616 A.2d 1118

**LSC HOLDINGS, INC. (formerly known as Lavino Shipping Company), Petitioner,**

v.

**INSURANCE COMMISSIONER OF PENNSYLVANIA and Workers' Compensation Security Fund, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1992.

Decided November 5, 1992.

---

378

Robert S. Forster, Jr., for petitioner.

Preston M. Buckman, Special Funds Counsel, for respondents.

Before SMITH and KELLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

LSC Holdings, Inc. (petitioner) has filed a petition for review in our original jurisdiction, naming as respondents the Insurance Commissioner of Pennsylvania and the Workers' Compensation Security Fund (WCSF), seeking relief declaring that the WCSF is obligated to assume certain of the petitioner's financial responsibilities. The respondents have filed preliminary objections which are the subject of this opinion.

In its petition for review, the petitioner alleges the following facts. The petitioner, formerly known as Lavino Shipping Company, is a Delaware corporation with its principal place of business in Philadelphia. Through one of its divisions, Delaware Operating Company, the petitioner provides various services at various marine terminals in Philadelphia. By reason of these operations, the petitioner is subject to the provisions of the Federal Longshore and Harbor Workers'

Compensation Act, 33 U.S.C. §§ 901–950 (LHWCA). The petitioner, which was self-insured as to its obligations to injured workers under the LHWCA, purchased excess coverage for its obligations from Midland Insurance Company (Midland) for three consecutive one year periods from July 1, 1977 through June 30, 1980.

Various provisions of the LHWCA have created a special fund (the Special Fund) to encourage employers to hire injured workers. If an employer hires a worker with a pre-existing partial disability who thereafter suffers an exacerbating injury which renders the worker totally disabled, the employer is required to pay compensation for only 104 weeks; all further payments for that disability are then made by the Special Fund. 33 U.S.C. § 908(f). The Special Fund is funded by assessments levied against insurance carriers and self-insured employers. Prior to 1984 the assessments were based upon an employer's total claim experience under the LHWCA but in 1984 the Act was amended to make those assessments dependent upon the claims experience against the Special Fund. 33 U.S.C. § 944(c)(2).

The petitioner has eight employees who are receiving benefits from the Special Fund. Accordingly, the petitioner's yearly assessments from the Special Fund are based upon the benefits being paid from the Special Fund to these eight employees. These assessments have required the petitioner to exceed the self insurance limits of the first two excess policies with Midland, which entered insolvency proceedings in the state of New York in 1986. To date Midland has remained insolvent.

Section 11 of the Workers' Compensation Security Fund Act (the Act), Act of July 1, 1937, P.L. 2532, *as amended*, 77 P.S. § 1061, provides that the WCSF is to be required to pay valid claims for compensation which would have been paid by an insurance carrier had that carrier not become insolvent. The petitioner made a request to Inservco Insurance Services, Inc. (Inservco), the respondents' agent, to be reimbursed for the payments made in excess of the self-insurance limits with regard to the claim of one employee, Daniel Boyle. The

WCSF, through Inservco, denied the request. Thereafter, the petitioner filed the present petition for review in our original jurisdiction. The respondents filed preliminary objections, claiming that this Court did not have jurisdiction to hear the matter, that the petitioner had failed to join a necessary party, that the petitioner lacked standing and that the petitioner had failed to state a cause of action upon which relief could be granted.

 When deciding whether to sustain preliminary objections:

[I]t must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain it. *Bickert v. Borough of Riverside*, 118 Pa.Commonwealth Ct. 91, 545 A.2d 962 (1988). Furthermore, preliminary objections challenging the sufficiency of a pleading admit all well-pled facts and reasonable inferences therefrom. *Reider v. Bureau of Correction*, 93 Pa.Commonwealth Ct. 326, 502 A.2d 272 (1985).

*Muncy Creek Township Citizens Committee v. Shipman*, 132 Pa.Commonwealth Ct. 543, 546, 573 A.2d 662, 663 (1990).

 The respondents' preliminary objections concerning jurisdiction and the failure to join an indispensable party are interrelated and will be discussed together. The respondents argue that the assessments to fund the Special Fund are made by the Department of Labor pursuant to the LHWCA, and that the Department of Labor must be a party to this litigation. We must first point out that the petitioner is not challenging the validity or the amount of the assessment. Neither is it arguing that the assessment need not be paid. In this regard we find *MidCentre County Authority v. Township of Boggs*, 34 Pa.Commonwealth Ct. 494, 384 A.2d 1008 (1978), to be instructive. There, a dispute arose over numerous agreements which had been signed by three separate local agencies in connection with the planning and construction of a regional sewerage system. One of those agencies filed a declaratory judgment petition seeking to resolve the meaning

of the various agreements. It was argued that the Department of Environmental Resources was an indispensable party whose absence required dismissal of the suit. We stated:

[E]ven though DER would be affected by a decision as to the legal status of the parties regarding the agreement here, its sole interest in the dispute concerns the identity of the party who would ultimately be responsible for complying with DER regulations. Its interest, therefore is indirect and not such a particular legal interest as would require its joinder.

*Id.* at 501, 384 A.2d at 1012. Because the Special Fund has been paid based upon the Department of Labor assessment neither the Special Fund nor the Department of Labor is an indispensable party to this litigation; any interest they might have is indirect at best. The respondents' argument concerning our lack of jurisdiction is based upon the lack of indispensable parties. We have already pointed out that no parties necessary to the outcome of this litigation are absent. It thus follows that the respondents' jurisdictional argument is without merit.

█ The respondents next claim that the petitioner lacks standing to bring this action. The Supreme Court has held that a plaintiff has standing if (1) the plaintiff has a substantial interest in the controversy, (2) that interest is direct and (3) that interest is immediate. *William Penn Parking Garage v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). In its petition for review the petitioner alleges that, if the WCSF is required to reimburse the monies sought, it will collect in excess of $400,000 for the eight employees being paid by the Special Fund. Frankly, we are bemused by an argument that the petitioner in these circumstances lacks standing. The respondents point out that the petition for review does not specifically state that the petitioner actually paid the assessments. We must first note that the assessments sent by the Department of Labor were sent to Lavino Shipping Co. In its brief petitioner asserts that the payments were made by entities within its corporate structure. Even more important, however, is the fact that this argument requires the develop-

ment of a factual record and the necessity to ascertain the facts precludes the sustaining of preliminary objections.

■ We are finally left with the question of whether the petitioner has stated a claim upon which relief can be granted. Section 11 of the Act provides in pertinent part:

A valid claim for compensation ... pursuant to the Workmen's Compensation Law, as defined herein, which has remained or shall remain due and unpaid for sixty days by reason of default ... by an insolvent carrier, shall be paid from the fund.... Any person in interest may file with the commissioner an application for payment of compensation from the fund on a form to be prescribed and furnished by the commissioner. A certified copy of the award must accompany the application.

77 P.S. § 1061(1).[1] The respondents assert that for a number of reasons the petitioner cannot recover under this section of the Act.

Respondents first baldly assert that the petitioner is not seeking reimbursement for a "valid claim for compensation". We must first note that the Act has no definition of this term. The petitioner points out that if the injured workers being paid by the Special Fund had not been placed in that special category, there would be no doubt that the payments made to the injured workers were "valid claims for compensation"; as those payments would have exceeded the self-insurance limit, petitioner asserts that the WCSF clearly would have been responsible given the insurer's insolvency.[2] Given the fact that we are merely deciding preliminary objections and that if doubt exists such doubt must be resolved against the objector, we are not prepared at this point to hold that the claim set forth by the petitioner is not a claim for compensation as intended by the Legislature.

1. The definitions contained in the act provide that "workmen's compensation law" includes the LHWCA. 77 P.S. § 1052.

2. The Act also provides that "[a]n employer may pay an award ... in advance of payment from the [WCSF] and shall thereupon be subrogated to the rights of the employee or other party in interest against such fund to the extent of the amount so paid." 77 P.S. § 1061(3).

The respondents next argue that the petitioner's claim must fail as a matter of law because (1) the request was not made upon the form approved by the commissioner and (2) the request was not accompanied by a certified copy of the award. The respondents nowhere point to the existence of a proper form to be used in this case. Further, the letter from Inservco, denying the request, reaches the merits of the claim and does not reject it because of the failure to use a proper form or provide proper documentation. It is worthy of note that the petitioner's complaint filed in our original jurisdiction contains a copy of the Department of Labor's assessments for the Special Fund. The petitioner has also furnished this court with copies of the awards by the Department of Labor to its injured employees at issue here. Accordingly, we must reject the respondents' argument in this regard.

Respondents next argue that they are not responsible for paying any claims if the insured employer has become insolvent, bankrupt or dissolved. The Act specifically provides, "The insolvency, bankruptcy, or dissolution of the insured shall effect a termination of security fund benefits provided hereunder...." 77 P.S. § 1061(1.1). Respondents claim that, because petitioner has failed to allege that the insured does not fall into any of the categories mentioned, its claim must fail. Petitioner argues persuasively that respondent is requiring it to anticipate defenses of the respondents; respondents, under this view, can plead any of these facts as an affirmative defense. We do not believe that preliminary objections can be sustained on this basis.

The respondents' final argument is that the assessments from the Special Fund are not covered under the insurance policies issued by Midland in this case. Those policies all contained the following language:

> This agreement applies to loss sustained by the Employer because of liability imposed upon the employer by (a) the workmen's compensation act of each state named in item 3 of the schedule ... on account of personal injuries and occupational diseases sustained by employees employed by the employer and engaged in business operations ... of the

employer ... as a result of occurrences taking place at or after the effective date....

(Section 1 of the Insurance Policy issued by Midland, attached as Exhibit A to the petition for review.) The definitional section of the policy then offers the following:

'Occurrence' as applied to personal injuries shall mean 'accident'....

'Loss' shall mean only such amounts as are actually paid in cash by the Employer in payment of benefits under the applicable workmen's compensation act in settlement of claims....

*Id.* [3]

In its brief the petitioner aptly explains its position in this regard:

If the employees had not been accepted by the Special Fund, the continuing obligation to pay compensation would have fallen upon Midland in the first instance, subject to the applicable self-insurance retentions, and as a result of Midland's insolvency, the burden would have fallen on the WCSF. In fact, there have been several instances where exactly that has happened, and the WCSF has assumed the obligation to make these compensation payments. The only difference in the instant situation is that instead of the employees receiving compensation directly from the insurer and/or the employer, the Special Fund has been making the payments and, in effect, billing back the amounts paid out to these employees by the annual assessments imposed upon Petitioner.

(Petitioner's brief opposing preliminary objections, p. 26.) We believe that this argument and analogy is persuasive, especially since we are merely reviewing preliminary objections. At this stage we would be hard pressed to say that the insurance policies show as a matter of law that Midland would not have been responsible under the policies to pay the assessments.

3. An endorsement of the policy specifically provides that the workmen's compensation act includes the LHWCA.

The respondents next argue that the assessments are not occurrences under the policies. This argument is disingenuous at best. The assessments are the direct result of work-related accidents and thus may be covered under the policies.[4] In this regard we must also reject the respondents' argument that the assessments are not covered by the policies because they were made after the effective date of the policies. The assessments were made on the basis of injuries sustained while the policies were inarguably in effect.

The respondents next claim that recovery is precluded by the holding in *Liberty Mutual Insurance Co. v. Underwriters at Lloyds*, 650 F.Supp. 1553 (W.D.Pa.1987). In that case, Liberty Mutual had committed discriminatory practices and settled a class action lawsuit for $5.5 million. Thereafter, various actions were filed in an attempt to determine which insurance carrier was responsible for paying the settled claims. The discriminatory practices all commenced in 1965; at the same time, the Civil Rights Act of 1964 became effective on July, 2, 1965. The class action suit was settled in 1978. The insurer's whose coverage became effective on July 1, 1965 were attempting to argue that they were not the responsible insurer because the discriminatory practices were committed before the effective date of the policy. The court disagreed, stating that while normally the conduct and injury occurred simultaneously, such was not the case because the Civil Rights Act created a new cause of action as of its effective date. In the present case, the Special Fund has been in existence since at least 1956 and the 1984 amendments created no new cause of action; those amendments merely changed the funding method. We do not see that *Liberty Mutual* has any preclusive effect on the petitioner's cause of action.

4. The respondents argue that an employer with no employees receiving benefits from the Special Fund would still be required to pay assessments to that fund. Showing that there is no direct correlation between assessments and the number of employees collecting Special Fund benefits would be a matter of proof at trial. If it could be proven that there was no direct correlation, a court could then decide the legal effect of such proof.

Respondents finally assert that the petitioner has not exceeded the self-insurance limits applicable before the excess policies would take effect. The petitioners allege in their complaint that such limits have been exceeded. We must accept that allegation as true; the respondent's argument in this regard is one of proof and not properly a subject of preliminary objections.

## ORDER

NOW November 5, 1992, the preliminary objections of the Insurance Commissioner of Pennsylvania and the Worker's Compensation Security Fund are dismissed. Respondents are directed to file an answer within thirty (30) days.