Timothy SINGLETON, Petitioner,

v.

Thomas LAVAN, Superintendent; Jeffrey Beard, Commissioner; Mike Fisher, Attorney General; Paul J. Evanko, Commissioner of State Police; et al, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 29, 2003.

Decided Oct. 22, 2003.

Timothy Singleton, petitioner, pro se.

Timothy A. Holmes, Camp Hill, for respondents.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Before this Court are the preliminary objections of the Pennsylvania Department of Corrections (Department) to the petition for review filed *pro se* by Timothy Singleton (Singleton) in this Court's origi-

nal jurisdiction. We sustain the Department's preliminary objections and dismiss Singleton's complaint with prejudice for the reasons set forth below.

In his petition, Singleton alleges that he is currently an inmate at SCI–Dallas and that, on February 20, 2003, he received a notice asking him to volunteer to give a sample of his DNA. In this notice, he was informed that he would be disciplined if he refused to provide a DNA sample. He also alleges that his custody level and visitation status were changed as a result of his failure to provide a DNA sample. Thereafter, Singleton filed this petition for review challenging the constitutionality of the DNA Act, 42 Pa.C.S. §§ 4701–4741, and the Department's DNA collection policy. In addition, Singleton requests a preliminary injunction enjoining the Department from using force to obtain a DNA sample from him or using other methods to persuade him to submit a DNA sample.[1] In response, the Department filed preliminary objections to Singleton's petition, which is the matter currently before this Court.

"When reviewing preliminary objections in a case filed in our original jurisdiction, this Court must consider as true all well-pled facts that are material and relevant. *Pennsylvania Turnpike Commission v. Hafer*, 142 Pa.Cmwlth. 502, 597 A.2d 754 (1991). Preliminary objections should be sustained only where it is clear and free from doubt that the law will not permit recovery. *Ruby v. Department of Transportation*, 158 Pa.Cmwlth. 631, 632 A.2d 635 (1993). Where doubt exists as to whether preliminary objections should be sustained, that doubt should be resolved by refusing to sustain them. *LSC Hold-*

1. The DNA Act mandates that persons convicted of certain classes of offenses must submit a sample of their DNA for inclusion in the DNA database. We note that Singleton does not allege that the crime he was convicted of does not subject him to the DNA Act. Rather, he challenges the constitutionality of the DNA Act.

*ings, Inc. v. Insurance Commissioner of Pennsylvania,* 151 Pa.Cmwlth. 377, 616 A.2d 1118 (1992)." *Success Against All Odds v. Department of Public Welfare,* 700 A.2d 1340, 1347 (Pa.Cmwlth.1997).

Initially, we note that Singleton is, in actuality, seeking a permanent injunction to stop the Department from extracting a DNA sample rather than a preliminary injunction. The requirements for a permanent injunction are:

> ... in order to establish a claim for a permanent injunction, the party must establish his or her **clear right to relief.** *See Boyle v. Pennsylvania Interscholastic Athletic Association, Inc.,* 676 A.2d 695, 699 (Pa.Cmwlth.1996). However, unlike a claim for a preliminary injunction, the party need not establish either irreparable harm or immediate relief and **a court "may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law."** *Soja v. Factoryville Sportsmen's Club,* 361 Pa.Super. 473, 522 A.2d 1129, 1131 (1987). Additionally, when reviewing the grant or denial of a final or permanent injunction, an appellate court's review is limited to determining whether the trial court committed an error of law.

*Buffalo Township v. Jones,* 571 Pa. 637, 644, 813 A.2d 659, 663–664 (2002) (emphasis added). Additionally, in *Yocca v. Pitts-burgh Steelers Sports, Inc.,* 806 A.2d 936 (Pa.Cmwlth.2002), this Court stated that:

> In order to prevail on a petition for a permanent injunction, the party seeking the injunction must establish that the [1] **right to relief is clear,** [2] that there is an urgent necessity to avoid an injury which **cannot be compensated for by damages,** and [3] the **greater injury will result** from refusing rather than granting the relief requested. *P.J.S. v. Pennsylvania State Ethics Commission,* 669 A.2d 1105 (Pa.Cmwlth.1996). Injunctive relief is not available where there is an adequate remedy at law. *Id.*

*Id.* at 946 (emphasis added).

In its preliminary objections, the Department contends that Singleton has failed to state a claim upon which relief can be granted and that his petition lacks specificity.[2] Recently, in *Commonwealth ex rel. Smith v. Pennsylvania Department of Corrections,* 829 A.2d 788 (Pa.Cmwlth. 2003), this Court had the opportunity to address the constitutionality of the DNA Act. In that case, an inmate filed a petition for review in this Court's original jurisdiction contending, among other things, that the DNA Act was unconstitutional. The Department filed preliminary objections. We sustained the Department's preliminary objections and explained that:

> In *Commonwealth v. Petroll,* 558 Pa. 565, 738 A.2d 993 (1999), our Pennsylvania Supreme Court explained that "[t]o

---

2. Pursuant to Pa.R.C.P. No. 1028(a):
   a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
   (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
   (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
   (3) **insufficient specificity in a pleading;**
   (4) **legal insufficiency of a pleading (demurrer);** and
   (5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action; and
   (6) pendency of a prior action or agreement for alternative dispute resolution.
   (emphasis added).

appreciate the reasonableness of a general search, courts must balance the individual's expectation in privacy against the government's compelling interests, such as public safety." *Id.* at 583, 738 A.2d at 1003 (citation omitted). When the balancing test is applied in the present controversy, the Commonwealth's interest outweighs Smith's privacy rights. Maintaining a DNA data base serves an important governmental purpose of providing information to those who investigate and solve crimes. To the extent Smith contends that Respondent violated his rights under Article 1, Section 8 of the Pennsylvania Constitution, his argument is meritless. Smith has failed to establish that the extraction of his DNA violated any federal or state Constitutional right.

*Id.* at 794.

Based on our holding in *Smith,* it is clear that the DNA Act is not unconstitutional. Therefore, even accepting the allegations in Singleton's petition as true, it is clear that he has failed to state a claim upon which relief can be granted and would therefore not be entitled to a permanent injunction to stop the Department from obtaining a DNA sample.

In its preliminary objections, the Department also contends that how Department employees withdraw DNA samples from inmates is a matter of prison management. With regard to the use of force to obtain DNA samples, the DNA Act provides, in relevant part, that:

(c) Reasonable use of force. Duly authorized law enforcement and corrections personnel **may employ reasonable force** in cases where an individual refuses to submit to DNA testing authorized under this chapter, and no such

employee shall be criminally or civilly liable for the use of reasonable force.

42 Pa.C.S.A. § 4717(c). (Emphasis added.) In addition, the Department has a DNA Data and Testing Implementation Plan (DNA Plan), which is attached to its brief is support of preliminary objections.[3] The DNA Plan generally provides that if an inmate refuses to submit a DNA sample, he is informed that he will be issued a misconduct and housed in the Restrictive Housing Unit (RHU) for 30 days and that, at the end of the 30 days, a sample may be obtained by force in necessary. If the inmate still refuses, he is not placed in the RHU immediately but is given 24 hours to change his mind. At the end of the 24 hours, if he still refuses, he is placed in the RHU. If at any time during this 30 days the inmate wants to submit a DNA sample, the inmate will be released from the RHU.

■ In his petition, Singleton asks for an injunction for the purpose of stopping the Department from sanctioning him through such methods as changing his custody level and visitation status because of his failure to submit a DNA sample. The Courts of this Commonwealth and the Federal Courts have consistently held that prison officials have the authority to determine where a prisoner should be housed and that the Due Process Clause imposes few restrictions on the use of that authority. *See Wilder v. Department of Corrections,* 673 A.2d 30 (Pa.Cmwlth.1996) and *Grayson v. Rison,* 945 F.2d 1064 (9th Cir. 1991). The restrictions that have been placed on Singleton are customary for inmates placed in the RHU. Thus, although Singleton does not specifically allege that his due process rights have been violated, it is evident that his placement in the

**3.** We note that Singleton did not submit a brief in opposition to the Department's pre- liminary objections.

RHU does not violate his due process rights. *See Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (no due process violation because discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest because it did not exceed other types of segregated confinement and, due to the restrictions on prisoners outside of confinement at that prison, did not work a major disruption in his environment). *See also Wilder v. Department of Corrections* 673 A.2d 30, 32 (Pa.Cmwlth. 1996). Furthermore, even accepting the allegations set forth in Singleton's petition as true, there is no evidence that the Department has used any kind of unreasonable force or coercion in its efforts to obtain a DNA sample from him. Therefore, Singleton has failed to state a claim upon which relief can be granted. As such, he would not be entitled to a permanent injunction for the purpose of stopping the Department from sanctioning him for refusing to provide a DNA sample.

Accordingly, the preliminary objections of the Department are sustained and the petition for review filed by Singleton is dismissed with prejudice.

### *ORDER*

AND NOW, October 22, 2003, the preliminary objections filed by the Department of Corrections are hereby SUSTAINED and the petition for review filed by Timothy Singleton is hereby DISMISSED with prejudice.