# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| Richard Ulrich. | : | | |
| Petitioner | : | | |
| | : | | |
| v. | : | No. 534 M.D. 2015 | |
| | : | Submitted: July 22, 2016 | |
| Governor Tom Wolf, | : | | |
| Attorney General Kathleen Kane, | : | | |
| Respondents | : | | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                                    **FILED:  September 15, 2016**

Respondents Governor Tom Wolf and Attorney General Kathleen Kane, through the Office of Attorney General, (Respondents) have filed preliminary objections in the nature of demurrer seeking dismissal of Richard Ulrich's (Petitioner) declaratory judgment action (complaint).[1] For the reasons set forth below, we sustain Respondents' preliminary objections and dismiss Petitioner's complaint.

Petitioner is currently incarcerated at the State Correctional Institution at Benner Township (SCI-Benner Township). On July 9, 2015, Appellant filed his

---

[1] Petitioner titled his original filing as a "Petition for Preliminary Injunction/Injunctive Relief." On the civil cover sheet attached to that filing, however, Petitioner indicated that the filing was both a petition and a complaint. Because of the nature of Petitioner's request, we construe this action as a civil complaint for declaratory judgment.

complaint in the Centre County Court of Common Pleas, naming Governor Wolf and Attorney General Kane as Respondents. Although disjointed, Petitioner's complaint seems to seek to have the Commonwealth's mandatory minimum sentencing laws and Section 7512 of the Crimes Code, 18 Pa. C.S. § 7512, relating to Criminal Use of a Communication Facility, declared unconstitutional. The complaint also appears to request that all mandatory sentences "cease," although it is unclear if Petitioner is requesting that we enjoin courts from imposing mandatory minimum sentences or that all prisoners currently serving mandatory sentences be released. (Compl. ¶ 13).[2] The complaint alleges that the mandatory minimum sentencing laws are unconstitutional under the separation of powers doctrine, because they usurp the authority of the judiciary to impose criminal sentences. Petitioner further alleges that, by imposing mandatory minimum sentences, the legislature has created a "special temporary criminal tribunal" in violation of Article 1, Section 15 of the Pennsylvania Constitution. (Compl. ¶ 18).

On August 14, 2015, Respondents filed preliminary objections challenging the jurisdiction of the common pleas court pursuant to Section 761 of the Judicial Code, 42 Pa. C.S. § 761. By order dated October 5, 2015, the

---

[2] Petitioner also requests numerous forms of relief ancillary to his request that mandatory sentencing laws be declared unconstitutional, including ordering Respondents to: (1) cease enforcement of the Crimes Code, 18 Pa. C.S. § 7512, relating to Criminal Use of a Communication Facility, (2) "[investigate] claims of a civil/criminal RICO organization with the misappropriation of public monies," (3) "retrain Law Enforcement in the application of the law," and (4) "correct the violations of those [a]ffected by the interception of communication without warrants or prior approval." (Compl. ¶ 13). Petitioner also requests this Court to declare that "said acts stated in petition amount[] to treason punishable by law."

2

Centre County Court of Common Pleas transferred the case to this Court. On December 14, 2015, Respondents filed the instant preliminary objections asserting that Petitioner's claim is legally insufficient, Petitioner lacks taxpayer standing to bring his claim and, further, that the complaint is insufficiently specific under Pa. R.C.P. No. 1019(a), (f).[3]

When reviewing preliminary objections in a case filed in our original jurisdiction, we must consider as true all well-pled facts that are material and relevant. Preliminary objections should be sustained only if it is clear and free from doubt that the law will not permit recovery. Where doubt exists as to whether preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain them. *Singleton v. Lavan*, 834 A.2d 672, 673 (Pa. Cmwlth. 2003) (internal citations omitted). "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *McMahon v. Shea,* 688 A.2d 1179, 1181 (Pa. 1997).

As a preliminary matter, we note that Petitioner asserts that he has taxpayer standing to bring the instant suit. Respondents argue that Petitioner lacks taxpayer standing, but do not argue that Petitioner does not have alternative standing to raise his claim. A taxpayer has standing to challenge a government action if: (1) the governmental action would otherwise go unchallenged; (2) those directly and immediately affected by the complained-of matter are beneficially affected and not inclined to challenge the action; (3) judicial relief is appropriate; (4) redress through other channels is unavailable; and (5) no other

---

[3] By order dated March 29, 2016, this Court precluded Petitioner from filing a brief due to his failure to adhere to filing deadlines set forth by our prior orders.

persons are better situated to assert the claim. *Stilp v. Com., Gen. Assembly*, 940 A.2d 1227, 1233 (Pa. 2007). Petitioner bases his capacity to bring suit as a taxpayer solely on the fact that he pays sales tax within the Commonwealth and a "20% installment payment to the Court of Common Pleas of Blair County." (Compl. ¶¶ 1-3). He alleges no facts which would satisfy the elements set forth above for taxpayer standing. Thus, Petitioner has failed to meet his burden to demonstrate that he has standing to sue as a taxpayer. There is insufficient evidence in the record for this Court to determine if Petitioner otherwise lacks standing to bring his claim. While we recognize that we could hold an evidentiary hearing to determine if Petitioner has standing, we need not do so because, as discussed below, Petitioner's claims fail as a matter of law.

Respondents argue that Petitioner's claims are without merit and that the law states with certainty that no recovery is permitted. *See McMahon*, 688 A.2d at 1181. Petitioner's complaint alleges that the legislature and the office of the Governor usurped the authority of the judiciary by creating mandatory minimum sentencing laws.[4] We have long held that it is within the authority of the legislature to create sentencing statutes. *Commonwealth v. Glover*, 156 A.2d 114, 116 (Pa. 1959) ("There is no question that it is within the

---

[4] Notably, Petitioner does not argue that any sentencing statute should be declared unconstitutional because it predicates a mandatory minimum penalty upon non-elemental facts and requires such facts to be determined by a preponderance of the evidence at sentencing. *See Commonwealth v. Wolfe*, ___ A.3d ___, ___ (Pa., No. 68 MAP 2015, filed June 20, 2016), slip op. at 1 ("The [U.S. Supreme] Court held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury rather than a judge, and found beyond a reasonable doubt.") (*citing Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 2162-63 (2013).)

4

province of the legislature to pronounce what acts . . . are crimes and to fix the punishment of all crimes."); *see also Commonwealth v. Church*, 522 A.2d 30, 37 (Pa. 1987) ("The legislative power clearly includes the power to enact criminal laws; no specific statement that the promulgation of criminal laws is permitted is required."). Petitioner provides no argument or compelling justification for altering this long-standing precedent.

Petitioner similarly asserts that the legislature usurped the authority of the Courts by promulgating Section 7512 of the Crimes Code, 18 Pa. C.S. § 7512, which defines the offense of criminal use of a communication facility. As stated above, it is the province of the legislature to pronounce what acts are crimes within the Commonwealth. *Church*, 522 A.2d at 35 ("It is recognized that the legislature has the exclusive power to pronounce which acts are crimes, to define crimes, and to fix the punishment for all crimes."). Petitioner baldly asserts that Section 7512 authorizes government officers to conduct unconstitutional searches and seizures. By its express terms, Section 7512 creates no exceptions to the normal search and seizure requirements. Further, Petitioner has asserted no facts which demonstrate that the law, in any way, contravenes the Pennsylvania Constitution. As Petitioner asserts no other reason why this particular act is invalid under the Pennsylvania or U.S. Constitutions, Petitioner's claims that the mandatory sentencing statutes and Section 7512 of the Crimes Code should be invalidated fail as a matter of law.[5]

---

[5] To the extent that Petitioner's filing could be construed as seeking a preliminary or permanent injunction, Petitioner's claim must fail. In order for a court to grant a petition for a preliminary or permanent injunction, the party seeking the injunction must establish, *inter alia*, his or her clear right to relief. *See Singleton*, 834 A.2d at 674 (Pa. Cmwlth. 2003); *Boyle by Boyle v. Pa. Interscholastic Athletic Ass'n, Inc.*, 676 A.2d 695, 699 (Pa. **(Footnote continued on next page…)**

For the reasons set forth above, Respondents' preliminary objections are sustained, and Petitioner's complaint is dismissed.

_____
P. KEVIN BROBSON, Judge

_____
**(continued…)**

Cmwlth.), *appeal denied sub nom. Boyle v. Pa. Interscholastic Athletic Ass'n, Inc.*, 686 A.2d 1313 (Pa. 1996). As stated above, Petitioner has failed to state a claim upon which relief may be granted. Petitioner, therefore, has failed to establish a clear right to relief and, thus, has failed to satisfy the requirements for a preliminary or permanent injunction.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Ulrich. :
              Petitioner :
                   :
         v. : No. 534 M.D. 2015
                   :
Governor Tom Wolf, :
Attorney General Kathleen Kane, :
            Respondents :

# **O R D E R**

AND NOW, this 15th day of September, 2016, Respondents' preliminary objections are SUSTAINED, and Petitioner's complaint is DISMISSED.

_____
P. KEVIN BROBSON, Judge