Anthony Szymanski, Petitioner *v.* Allegheny County Court Criminal Division and Court Administrator, Respondents.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Anthony Szymanski,* petitioner, for himself.

*Paul J. Gelman,* with him *Charles W. Johns,* for respondents.

OPINION BY JUDGE DOYLE, September 27, 1983:

Petitioner, Anthony Szymanski, filed a complaint for civil damages under our original jurisdiction, alleging that his constitutional rights were violated during a criminal proceeding in which he was convicted and sentenced for robbery and murder. The preliminary objections of Respondents, Allegheny County Court and Court Administrator, are now before us. We find that we cannot reach the merits of these preliminary objections because this Court lacks subject matter jurisdiction.

A careful examination of Petitioner's complaint reveals that the action is essentially one in trespass, based upon allegations that Respondents' negligence resulted in violations of Petitioner's constitutional rights. Section 761 of the Judicial Code, 42 Pa. C. S. §761, states, in pertinent part:

(a) *General Rule.* — The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth Government, including any officer thereof, acting in his official capacity, except:

. . .

(v) actions or proceedings in the nature of trespass as to which the Commonwealth gov-

ernment formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

Under this section it is clear that the Commonwealth Court's original jurisdiction does not extend to the present action in trespass against the Allegheny County Court and Court Administrator.[1]

Petitioner's complaint also includes a request for release from incarceration. Such a request is in the nature of an application for a writ of habeas corpus or a petition for post conviction relief, matters over which this Court also lacks jurisdiction. Section 761 (a)(1)(i) of the Judicial Code, 42 Pa. C. S. §761(a) (1)(i). Accordingly, we shall transfer the complaint to the Allegheny Court of Common Pleas,[2] pursuant to Section 5103 of the Judicial Code, 42 Pa. C. S. §5103, to insure that Petitioner's rights, including those relating to post conviction relief, and Petitioner's right to counsel,[3] are addressed.[4]

---

[1] Although Respondents raised the defense of immunity in their preliminary objections, they did not object to this Court's jurisdiction. An objection to the lack of subject matter jurisdiction is not waivable, however, and may be considered by the court *sua sponte*. *National Development Corp. v. Harrison Township Planning Commission*, 64 Pa. Commonwealth Ct. 246, 439 A.2d 1308 (1982).

[2] Petitioner is incarcerated at the State Correctional Institution at Pittsburgh.

[3] *See Commonwealth v. Finley*, 497 Pa. 332, 440 A.2d 1183 (1981).

[4] We note that had we found subject matter jurisdiction to exist, the Petitioner would have still been confronted with the lack of proper service. Petitioner's attempted service by certified mail did not comply with Pa. R.C.P. Nos. 1009, and 2104(b), which require personal service in actions against the Commonwealth. Pa. R.A.P. 1514(c), which allows service of a petition for review by certified mail, is inapplicable to ordinary tort, contract and post conviction hearing matters. Note to Pa. R.A.P. 1501.

## Order

Now, September 27, 1983, this Court being without jurisdiction, the complaint of the Petitioner in the above referenced matter, docketed in the Commonwealth Court at 449 Miscellaneous Docket No. 3, is hereby transferred to the Allegheny County Court of Common Pleas, pursuant to the provisions of Pa. R.A.P. 751.