527 A.2d 1061

Michael D. Gillespie, Petitioner *v.* Commonwealth of Pennsylvania, Department of Corrections and Pennsylvania Board of Probation and Parole and Thomas A. Fulcomer, Superintendent of S.C.I.H., et al., Respondents.

Submitted on briefs on March 18, 1987, before Judges CRAIG and PALLADINO, and Senior Judge BAR-BIERI, sitting as a panel of three.

Michael D. Gillespie, petitioner, for himself.

Francis R. Filipi, Senior Deputy Attorney General, with him, Andrew S. Gordon, Chief Deputy Attorney General, Chief, Litigation Section and LeRoy S. Zimmerman, Attorney General.

OPINION BY SENIOR JUDGE BARBIERI, June 9, 1987:

Michael D. Gillespie, Petitioner, has commenced an action in this Court's original jurisdiction seeking a judicial determination that he has completed serving a three to six month sentence imposed as a result of his conviction for Possession of a Controlled Substance.[1] Respondents, the Pennsylvania Department of Corrections (Department), the Pennsylvania Board of Probation and Parole (Board), and Thomas A. Fulcomer, Superintendent of the State Correctional Institution at Huntingdon (SCI-Huntingdon),[2] have filed preliminary

---

[1] Section 13 of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §780.113.

[2] Superintendent Fulcomer is not an officer of the Commonwealth within the meaning of 42 Pa. C. S. §761 in that the Superintendent of a State Correctional Institution performs no state-wide policymaking functions nor is he charged with the responsibility for the independent initiation of state-wide administrative policy regarding some sovereign function of state government. Therefore, this Court lacks jurisdiction over him. Mickens v. Jeffes, 71 Pa. Commonwealth Ct. 68, 453 A.2d 1092 (1983). The same rationale applies to other Department employees at SCI-Huntingdon. However, as Gillespie's petition for review fails to state a claim, a transfer of Gillespie's petition as to Superintendent Fulcomer to the Huntingdon County Common Pleas Court pursuant to Section 5103 (a) of the Judicial Code, 42 Pa. C. S. §5103(a), would serve no useful purpose. We shall therefore consider the claims against him to be included as within the claims Gillespie makes against the Department.

objections in the nature of a demurrer to Gillespie's petition for review. On February 3, 1987, this Court ordered the parties to file briefs on the Respondents' demurrer and on the issue whether this Court has jurisdiction to entertain Gillespie's claims in the nature of habeas corpus relief. Those two issues are presently before this Court for disposition.

The factual background of this case is fairly simple. Gillespie was originally sentenced by Judge CHARLES C. BROWN of the Court of Common Pleas of Centre County to a term of five to ten years as a result of his conviction for Voluntary Manslaughter.[3] While serving that sentence, Gillespie was charged with Possession of a Controlled Substance. He pleaded guilty to that offense and was sentenced by Judge BERNARD J. PODCASY of the Court of Common Pleas of Luzerne County to a term of three to six months that was to run consecutively to the previously imposed five to ten year voluntary manslaughter sentence. Pursuant to Section 9757 of the Sentencing Code, 42 Pa. C. S. §9757, that three to six month sentence was aggregated with the five to ten year sentence for a total sentence of five years, three months to ten years, six months. Gillespie then filed a petition for a writ of habeas corpus with this Court seeking a determination that his two sentences were improperly aggregated and that the Luzerne County Common Pleas Court, and not the Board, retained paroling authority over that sentence.

We shall first address the issue of this Court's jurisdiction to entertain Gillespie's petition for review. Both Gillespie and Respondents characterize the petition as claiming habeas corpus relief. Respondents contend that habeas corpus actions are outside of this Court's limited jurisdiction and that the action should either be dismissed or transferred to common pleas court.

---

[3] 18 Pa. C. S. §2503.

In *St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa. Commonwealth Ct. 561, 493 A.2d 146 (1985), we recognized that this Court's jurisdiction is unique in that it is wholly statutory as found within Sections 761-764 of the Judicial Code, 42 Pa. C. S. §§761-764. Our original jurisdiction is narrowly circumscribed to encompass civil actions or proceedings by or against the Commonwealth or any officer thereof acting in his official capacity or where otherwise specifically conferred by statute. Habeas corpus actions, except as ancillary to proceedings within our appellate jurisdiction, are expressly excluded from our original jurisdiction by virtue of Section 761(a)(1)(i) of the Judicial Code, 42 Pa. C. S. §761(a)(1)(i). *See also Wilson v. Bureau of Corrections*, 85 Pa. Commonwealth Ct. 32, 480 A.2d 392 (1984); *Szymanski v. Allegheny County Court Criminal Division*, 77 Pa. Commonwealth Ct. 316, 465 A.2d 1081 (1983). There is no matter currently pending in our appellate jurisdiction for Gillespie's alleged habeas corpus petition to be ancillary to. Therefore, if his petition for review is, as he and Respondents contend, a true habeas corpus petition, we are without jurisdiction to entertain its merits and it must be transferred to the appropriate common pleas court.

Our review of Gillespie's petition, however, convinces us that even though the parties style it as sounding in habeas corpus, it is not a true habeas corpus petition and we may exercise jurisdiction and reach a decision on the merits. In his petition, Gillespie challenges the jurisdiction of the Board over his three to six month sentence and argues that the common pleas court retained paroling authority over that sentence. He bases his challenge on Section 26 of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended*, 61 P.S. §331.26, that vests paroling authority in the sentencing courts for all sentences with a maximum term of less

than two years. He is also challenging the Board's failure to consider him for parole upon the expiration of the minimum term of his initial five to ten year sentence and seeks an order of this Court directing the Board to retroactively parole him on that sentence effective June 15, 1985. Thus viewed, Gillespie's petition cannot be construed as a habeas corpus action as the Pennsylvania Supreme Court has held that habeas corpus is not available to challenge an action of the Board as by definition a parolee is subject to a legal sentence imposed by a court of competent jurisdiction of this Commonwealth and remains in the legal custody of the Commonwealth until the expiration of that sentence's maximum term. *Commonwealth ex rel. Biglow v. Ashe,* 348 Pa. 409, 35 A.2d 340 (1944). *Cf. Passmore Williamson's Case,* 26 Pa. 9 (1855) (habeas corpus not available to one who admits that he is in legal custody for an offense not subject to bail). Finally, he is seeking an order directing the Department of Corrections to unaggregate his Centre and Luzerne County sentences. In *Commonwealth ex rel. Lowry v. Pennsylvania Board of Parole,* 415 Pa. 90, 202 A.2d 98 (1964), the Pennsylvania Supreme Court indicated that the proper method by which a prisoner could challenge the aggregation of his sentences was through a mandamus action. We thus distinguish the case at bar from the circumstances present in *Commonwealth v. Isabell,* 503 Pa. 2, 467 A.2d 1287 (1983), wherein a probationer challenged the Bureau, now Department, of Corrections' computation of his probation violation sentence as being consecutive to, rather than concurrent with, a prior sentence imposed for a robbery and aggravated assault conviction. The confusion in *Isabell* was created when the sentencing judge indicated that the second sentence was to be consecutive to the preceeding one and the written sentencing order did not so state. In such a case, the Pennsylvania

Supreme Court opined that a habeas corpus petition is the proper method by which to challenge the computation of the sentences. 503 Pa. at 10, 467 A.2d at 1291. Such habeas corpus petitions, however, are properly brought in the court that imposed the sentence since the sentencing judge is best qualified to initially resolve any disputes regarding the interpretation of his or her sentence. 503 Pa. at 10-11, 467 A.2d at 1291. *See also* Section 6502 of the Judicial Code, 42 Pa. C. S. §6502; Pa. R. Crim. P. 1701. There is no such dispute present here. Thus, since Gillespie is challenging neither the legality of his initial five to ten year sentence, the legality of his subsequent three to six month sentence, nor the fact that they are consecutive to each other, he has not made out a proper habeas corpus action.

Instead of challenging the legality of his sentences or the requirement that they be served consecutively, he is challenging the legality of their aggregation under 42 Pa. C. S. §9757 and the Board's exercise of paroling jurisdiction over that aggregated sentence. There is, of course, no official Board action paroling him as of June 15, 1985. What he seeks is an order of this Court that he be paroled by the Board on his five to ten year sentence effective June 15, 1985. That is not a proper habeas corpus action but rather akin to an action in mandamus. *Lowry.*

We now turn to the disposition of Respondents' demurrer. The pertinent inquiry for a reviewing court in the face of a demurrer is to determine whether the petitioner has stated on the face of his petition a cause of action that, if proved, would entitle him to relief. *Close v. Voorhees,* 67 Pa. Commonwealth Ct. 205, 446 A.2d 728 (1982). In disposing of a demurrer, every well-pleaded, material, relevant fact, and all reasonable inferences to be drawn therefrom, but not conclusions of law, are deemed to be admitted. *Byers v. Ward,* 368 Pa.

416, 84 A.2d 307 (1951). Thus, if it is clear on its face that the claim cannot be sustained and that the law will not permit the relief sought, the demurrer will be sustained. *Buckley & Co., Inc. v. Department of Transportation,* 34 Pa. Commonwealth Ct. 182, 382 A.2d 1298 (1978).

The facts here are essentially undisputed. The only disputes are questions of law that concern the legality of the actions of the Department in aggregating Gillespie's Centre and Luzerne County sentences and the Board's assumption of parole jurisdiction over the aggregated sentence and its refusal to consider him for parole until the expiration of the aggregated minimum term.

The Department, not the Board, is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction. The statute under which the Department aggregated Gillespie's Centre and Luzerne County sentences is 42 Pa. C. S. §9757. That statute provides:

> §9757. *Consecutive sentences of total confinement for multiple offenses*
>
> Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court *shall* indicate the minimum sentence to be served for the *total* of *all* offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.
> (Emphasis added.)

Here, Judge Podcasy did not indicate the total minimum sentence when he imposed the consecutive three to six month sentence upon Gillespie. The pertinent inquiry thus becomes whether the aggregation of consecutive sentences under 42 Pa. C. S. §9757 is discretionary with the sentencing court, as Gillespie argues, or is

mandatory where consecutive sentences are imposed, as the Department contends. Our reading of the statute and interpretive case law compels us to conclude that once the sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is automatic and mandatory under 42 Pa. C. S. §9757.

In *Commonwealth v. Green*, 312 Pa. Superior Ct. 265, 458 A.2d 951 (1983), the Superior Court held that the "plain meaning" rule of Section 1903 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903, applied to 42 Pa. C. S. §9757. Section 9757 provides that where consecutive sentences are imposed, the sentencing court "*shall* indicate the minimum sentence to be served for the *total* of *all* offenses." The General Assembly's use of the terms "shall," "total," and "all" as pertaining to the minimum term clearly state an intention that the prisoner serve the aggregate of *all* the minimum terms imposed under the various consecutive sentences. The term "shall" rather than "may" imports the mandatory, rather than discretionary, nature of the statute. *See e.g., Blackwell v. Commonwealth*, 36 Pa. Commonwealth Ct. 31, 387 A.2d 506 (1978). While Judge PODCASY did not indicate a total minimum term at the time of sentencing, that failure is not a fatal flaw since, by operation of Section 9757, we find that Gillespie's consecutive sentences of five to ten years and three to six months by necessary implication provided for an aggregated sentence of five years, three months to ten years, six months. *See Commonwealth v. Bell*, 328 Pa. Superior Ct. 35, 476 A.2d 439 (1984); *Blackwell*. The discretion of the sentencing judge is preserved in that the sentencing judge has the discretion to impose either consecutive or concurrent sentences. *See Commonwealth v. Mueller*, 274 Pa. Superior Ct. 397, 418 A.2d 465 (1980); *Commonwealth v. Norris*, 248 Pa. Superior Ct. 330, 375 A.2d 122 (1977).

Our appellate courts have also construed the final sentence of Section 9757 that mandates that the total minimum term will not exceed one-half of the maximum sentence imposed to require the aggregation and preservation of the maximum terms of the consecutive sentences. *See Bell; Green; Blackwell.* In so doing, both the minimum and maximum terms of each sentence are preserved. To hold otherwise, and allow for the possibility of constructive parole to shorten the aggregated maximum term, *see Jamieson v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 546, 478 A.2d 152 (1984), could jeopardize the integrity of the aggregated minimum term since it may exceed one-half of the combined maximum terms if the latter were not aggregated. As an example, a prisoner subject to a sentence of two to four years is subsequently sentenced to a consecutive three to six year sentence whose minimum terms are aggregated under 42 Pa. C. S. §9757 for a total minimum term of five years. If the maximum terms were not also aggregated and constructive parole was allowed on the two to four year sentence at the two year point, the combined maximum term would be eight years. Thus, the prisoner's sentences would be, if the maximum terms were not automatically aggregated along with the minimum terms, a five to eight year sentence in violation of the last portion of 42 Pa. C. S. §9757 that mandates that the aggregated minimum term shall not exceed one-half of the maximum term. Thus, in order to preserve the separate consecutive minimum terms under 42 Pa. C. S. §9757, the maximum terms must also be aggregated. Otherwise, the statute would be rendered unworkable and such an absurd result cannot be attributed to the General Assembly. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1).

We likewise have no trouble in applying 42 Pa. C. S. §9757 to two sentences imposed at different times. We

duly note that the prior sentence aggregation statute, former 19 P.S. §897, was interpreted to apply only to sentences imposed at the same time by the same court. *See Keith v. Pennsylvania Board of Probation and Parole,* 76 Pa. Commonwealth Ct. 544, 464 A.2d 659 (1983); *Commonwealth ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 20 A.2d 881 (1941). Section 9757, however, clearly by its terms, referring specifically to previously imposed sentences, applies to sentences imposed at different times by different courts. Such is the case here. Therefore, the Department correctly aggregated Gillespie's Centre and Luzerne County sentences into a single five year, three month to ten year, six month sentence. He has therefore failed to state a cause of action against the Department.

In light of our finding that the Department correctly aggregated Gillespie's consecutive sentences, we are also compelled to find that the Board acted legally in refusing to consider Gillespie for parole prior to the expiration of his aggregated minimum sentence. The aggregation of the three to six month sentence with the five to ten year sentence vested parole authority on the aggregated sentence with the Board since it is vested with exclusive parole authority over prisoners under a maximum sentence of two years or more. Sections 17 and 21 of the Parole Act, 61 P.S. §§331.17 and 331.21; *Ambrek v. Clark,* 287 F. Supp. 208 (E.D.Pa. 1968). Upon aggregation, Judge PODCASY lost his authority to parole Gillespie on the three to six month sentence. *Ambrek. See also Tillman v. Pennsylvania Board of Probation and Parole,* 48 Pa. Commonwealth Ct. 325, 409 A.2d 949 (1980).

The Board did not abuse its discretion when it refused to consider Gillespie for parole prior to the expiration of his aggregated minimum term. Section 21 of the Parole Act expressly prohibits the Board from grant-

ing parole to any prisoner prior to the expiration of the prisoner's minimum term. Thus, Gillespie's prior action in this Court to compel the Board to consider him for release on parole on his five to ten year sentence was premature. *See Gillespie v. Pennsylvania Board of Probation and Parole*, 95 Pa. Commonwealth Ct. 321, 505 A.2d 403 (1986) (appeal from Board's refusal to grant parole quashed). Therefore, Gillespie has failed to state a cause of action against the Board.

In view of the foregoing, we sustain the Respondent's demurrer and dismiss Gillespie's petition for review.

## ORDER

NOW, June 9, 1987, upon consideration of the Preliminary Objections filed by Respondents, and the briefs filed in support of and in opposition thereto, the challenge to this Court's jurisdiction is overruled and the demurrer to the petition for review is sustained and the petition for review is hereby dismissed for the failure to state a cause of action.