Geoffrey Willard ATWELL, Appellant

v.

Superintendent Thomas LAVAN; PA Governor Edward G. Rendell; Mark S. Schweiker; Secretary Jeffrey A. Beard; Thomas L. James; Sharon M. Burks; Sarah Hart; Randy Sears; Donald Kelchner; Michael J. Kazor; Charles Marsella; Krista J. Griffith; Rex P. Hildebrand; *Lee T. Bernard; John S. Shaffer; Michael Farnan; Mike Fisher; Mark Bergstrom; Thomas W. Corbett, Jr.; Robert A. Greevy; James O. Thomas, Jr.; Chuck Roberts; James J. McGrady; Robert Faneck; Georgine Leachey; C. Zaledonis; Kenneth Burnett; Chris Putnam; Richard Keller; W.C. West; Daniel Tucker; D.I. Smith; Dave Morris; Theodore Higgins; D.O. Stanley Bohinski; R. Stanish; Scott Thomas; Sgt. Harrison; Patricia Ginocchetti; J. Doknovitch; Patricia Blizzard; Eric Myers; Sheri Gaughan; Tom Dougherty; Benjamin A. Martinez; Sean R. Ryan; Prison Guard McCrone; Kathleen Zwierzyna; Judith B. Selvey; Judge James Gardner Collins; Gregory R. Neuhauser; R. Douglas Sherman; Sgt. Dietrich

(*Per Clerk's Order 2/3/09).

No. 08–2228.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 2, 2010.

Opinion filed: Feb. 19, 2010.

Geoffrey Willard Atwell, Akron, PA, pro se.

J. Bart Delone, Esq., Gregory R. Neuhauser, Esq., Office of Attorney General of Pennsylvania, Harrisburg, PA, Alan S. Gold, Esq., Gold & Ferrante, Jenkintown, PA, Anthony J. Piazza, Jr., Esq., Murphy, Piazza & Genello, Scranton, PA, for Defendant–Appellee.

Before: McKEE, FUENTES and NYGAARD, Circuit Judges.

## OPINION

PER CURIAM.

Geoffrey Atwell, a former state prisoner proceeding *pro se*, appeals two orders of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of the defendants in his civil rights action. We will affirm.

Atwell filed a civil rights action against 54 defendants, including prison employees and other Commonwealth of Pennsylvania employees, alleging that he was improperly incarcerated beyond the expiration of his prison sentence. Atwell claimed that his sentence expired on October 19, 2002, but he was not released from prison until May 22, 2004. Atwell also claimed that the defendants violated his right of access to the courts and that they were deliberately indifferent to his medical needs.[1]

The District Court dismissed fourteen of the defendants pursuant to 28 U.S.C. § 1915(e)(2) and later granted an additional defendant's motion to dismiss the complaint. Following discovery, the remaining Commonwealth defendants moved for summary judgment. Two medical defendants, Dr. Stanish and Dr. Bohinski, also filed a motion for summary judgment. Atwell filed a cross-motion for summary judgment. The Magistrate Judge recommended that the District Court grant the motions of the Commonwealth defendants and Dr. Stanish and Dr. Bohinski and deny Atwell's motion. The District Court adopted the Magistrate Judge's reports and recommendations, and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of a grant of summary judgment is *de novo. Watson v. Abington Township*, 478 F.3d 144, 155 (3d Cir.2007). In his brief, Atwell

---

1. Atwell pursued his amended complaint filed on January 20, 2004. Although Atwell asserted in his amended complaint that his sentence expired on May 22, 2002, he later maintained that his sentence expired on October 19, 2002.

challenges the grant of summary judgment in favor of the Commonwealth defendants on his excessive confinement claim and the grant of summary judgment in favor of Dr. Stanish and Dr. Bohinski. We will address these rulings.[2]

In granting summary judgment on Atwell's excessive confinement claim, the District Court recognized that the Eighth Amendment protects an inmate from being incarcerated beyond the term of his sentence. *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir.1989). Here, the record reflects that Atwell received consecutive sentences in connection with convictions in the Court of Common Pleas of Adams County. Atwell believes that the maximum date for these sentences was miscalculated, resulting in more than a year of excessive confinement.

■ Atwell's belief is based on the misconception that corrections officials could not aggregate his maximum sentences. Under Pennsylvania law, when a sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is automatic and mandatory under 42 Pa. Cons.Stat. § 9757. *Com. ex. rel. Smith v. Pennsylvania Dep't of Corr.*, 829 A.2d 788, 793 (2003); *Gillespie v. Commonwealth*, 106 Pa.Cmwlth. 500, 527 A.2d 1061, 1065 (1987).[3] Atwell's contention that maximum sentences are not aggregated is incorrect. In *Gillespie*, the Commonwealth Court stated that maximum sentences are aggregated, explaining that aggregation is necessary to make workable the last part of § 9757, which requires that a total minimum sentence shall not exceed one-half of the maximum sentence imposed. 527 A.2d at 1065.[4]

■ Although the Commonwealth defendants concede that errors were made as to the correct effective date for Atwell's sentences and his sentence calculation, Atwell was released before the maximum expiration date of his sentences. *See* 12/21/07 Magistrate Judge's Report at 45–46, 49. The District Court did not err in granting summary judgment for the Commonwealth defendants on Atwell's excessive confinement claim.[5]

---

2. To the extent Atwell challenges in his reply briefs the District Court's rulings on his access to the courts claim and his denial of medical care claim against defendants other than Stanish and Bohinski, he did not adequately raise these issues in his opening brief and they are waived. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir.1993). Similarly, to the extent Atwell seeks to appeal other District Court orders issued during the course of the proceedings below, Atwell's brief contains no argument as to those orders and we do not consider them.

3. 42 Pa. Cons.Stat. § 9757 provides: "Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed."

4. The Commonwealth Court explained, "As an example, a prisoner subject to a sentence of two to four years is subsequently sentenced to a consecutive three to six year sentence whose minimum terms are aggregated under 42 Pa.C.S. § 9757 for a total minimum term of five years. If the maximum terms were not also aggregated and constructive parole was allowed on the two to four year sentence at the two year point, the combined maximum term would be eight years. Thus, the prisoner's sentence would be, if the maximum term were not automatically aggregated along with the minimum terms, a five to eight year sentence in violation of the last portion of 42 Pa.C.S. § 9757 that mandates that the aggregated minimum term shall not exceed one-half of the maximum term." *Id.* at 1065–66.

5. Based on this conclusion, we do not address the District Court's alternative conclusions that Atwell's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that Atwell did not

Atwell also challenges the District Court's grant of summary judgment in favor of Dr. Stanish and Dr. Bohinski, which was based on a finding that Atwell did not exhaust his administrative remedies.[6] Exhaustion of available administrative remedies is required for any suit challenging prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Stanish and Bohinski established that Atwell filed ten grievances before filing his complaint. While Atwell grieved about his mail, the length of his confinement, and other issues, he did not grieve about the medical care that is the subject of his amended complaint. The record also reflects that Atwell was asked at his deposition whether he had filed a grievance related to the medical care he received from Stanish and Bohinski. Atwell replied that he had filed a grievance about not receiving a medical diet, but that he did not recall whether he had filed a grievance about his treatment for the ailments at issue. Atwell did not produce in response to the summary judgment motion evidence of any grievances related to his treatment for these ailments. In his brief, Atwell relies on documents related to Grievance Number 40189. As recognized by the District Court, this grievance only involved Atwell's complaint of excessive confinement. Thus, the District Court did not err in granting summary judgment for Stanish and Bohinski based on a failure to exhaust administrative remedies.

Accordingly, we will affirm the orders of the District Court.[7]

---

show deliberate indifference on the part of the defendants. We also do not address Atwell's argument in his brief that § 9757 is unconstitutional, as he did not challenge the constitutionality of the statute in his amended complaint.

6. Although Stanish and Bohinski argue that Atwell has waived this issue by failing to raise it in his brief, Atwell states in his brief that the District Court erred in granting summary judgment in their favor and he refers to evidence purporting to establish that he exhausted his administrative remedies. *See* Appellant's Br. at 16. We will thus address this issue.

7. The scope of this appeal is limited to the District Court's orders granting summary judgment. Atwell did not file a notice of appeal from the District Court's denial of his motion for reconsideration. *See* Fed. R.App. P. 4(a)(4)(B)(ii).