J-S53030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL SCOTT MARKEL | |
| Appellant | No. 298 MDA 2015 |

Appeal from the Order Entered November 26, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003895-1997

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 24, 2015**

Michael Scott Markel appeals from the order entered November 26, 2014, in the Court of Common Pleas of York County, denying Markel's self-identified "Motion for Finality"[1] in which he sought release from incarceration, claiming his sentence had expired.  He also claims the trial judge, the Honorable Thomas H. Kelley, VI, should have recused himself because when he was an assistant district attorney, Judge Kelley had prosecuted Markel.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____

[1] The motion for finality appears to be a request the trial court rule on an earlier motion seeking clarification of sentence and credit for time served. The denial of the motion for finality operated to deny both.

On February 18, 1998, Markel pled guilty to two counts of homicide by vehicle while DUI[2] and related charges. He received an aggregate sentence of six to twelve years' incarceration. We adopt the recitation of the background of this matter as determined by United States District Judge Yvette Kane, in ***Markel v. Pennsylvania Board of Probation and Parole***, 2014 WL 1818076, 5/7/2014:

> On February 18, 1998, Petitioner was sentenced by the York County Court of Common Pleas to a term of six to twelve years in prison for homicide by vehicle while driving under the influence. His minimum date was July 25, 2003, and his maximum date was July 25, 2009. On July 28, 2003, he was released on parole. (Doc. No. 10, Ex. A.)
>
> On August 18, 2008, Petitioner was charged with violating the conditions of his parole (consumption of alcohol and use of drugs). (***Id.,*** Ex. B.) On September 15, 2008, he was recommitted to a state correctional institution for violating his parole conditions. (***Id.,*** Ex. C.) On October 8, 2008, new criminal charges were filed against Petitioner based on the criminal conduct occurring in August of 2008. (***Id.,*** Ex. D.) On July 25, 2009, the PBPP lifted the detainer placed on Petitioner on August 18, 2008, because the charges filed on October 8, 2008 were still pending as of that date. (***Id.,*** Ex. E.)
>
> On January 25, 2010, Petitioner pled guilty to the new criminal charges in York County Court of Common Pleas. (***Id.,*** Ex. F.) On April 28, 2010, a Notice of Board Decision was issued by the PBPP recommitting Petitioner as a convicted parole violator,

_____

[2] 75 Pa.C.S. § 3732.

when available, pending completion of, or parole from the January 25, 2010 York County sentence. (*Id.,* Ex. G.)

On June 7, 2012, Petitioner filed a counseled administrative appeal from the above decision with the PBPP. (*Id.,* Ex. H.) On July 28, 2010, the Board responded to the appeal. (*Id.,* Ex. I.) Petitioner did not file a petition for review from the PBPP's response with the Pennsylvania Commonwealth Court.

On April 7, 2010, Petitioner was released on parole from the January 25, 2010 York County sentence on the new charges. (*Id.,* Ex. J.) On July 26, 2010, the PBPP established July 26, 2015 as Petitioner's parole violation maximum date based on his recommitment as a convicted parole violator. (*Id.,* Ex. K.) Petitioner did not file an administrative appeal challenging the July 26, 2015 parole maximum date within thirty days of its mailing as required by the PBPP's regulation. *See* 37 Pa.Code § 73.1(b). On December 20, 2011 and January 10, 2012, the PBPP received correspondence from Petitioner claiming he was entitled to credit for periods of time during which he resided at community corrections centers. (*Id.,* Exs.L, M.) On January 27, 2012, the PBPP dismissed the correspondence as untimely attempts to seek relief from the July 26, 2010 PBPP decision that established Petitioner's parole violation maximum date as July 26, 2015. (*Id.,* Ex. N.) Petitioner did not file a petition for review in the Pennsylvania Commonwealth Court challenging the PBPP's January 27, 2012 response.

*Id*. at 1-2.

Both the Federal Court and the Commonwealth's Appellee Brief indicate Markel's maximum release date was July 26, 2015. While we have no reason to doubt this, the certified record does not contain any official documentation from either the Department of Corrections or the PBPP

confirming the fact that Markel is no longer serving this sentence. Accordingly, while this appeal is likely moot, absent official confirmation, we will not dismiss the appeal as moot.

In his "Motion for Finality", Markel again seeks release from incarceration, claiming his sentence expired on March 22, 2014. No relief is due. The trial court correctly determined that it had no jurisdiction over the issue. *See* Trial Court Pa.R.A.P. 1925(a) Opinion, 6/10/2015, at 3-4. Rather, it was the duty and responsibility of the Department of Corrections to calculate Markel's maximum date. The jurisdiction for any challenges to that determination lies exclusively with the Commonwealth Court. *See* ***Gillespie v. Commonwealth, Department of Corrections***, 527 A.2d 1061 (Pa. Cmwlth. 1987).[3] The trial court also noted that, by all appearance, Markel originally sought relief from the Commonwealth Court but was denied. *See* Trial Court Pa.R.A.P. 1925(a) opinion, 6/10/2015, at 4-5. Accordingly, Markel cannot obtain relief from this Court and we are required to affirm the trial court's decision.

Finally, Markel challenges the order on the grounds that Judge Kelley once served as prosecutor against Markel. While the Commonwealth agrees

---

[3] As noted in the Federal decision, a determination of Markel's maximum release was calculated and Markel never appealed that determination.

that Judge Kelley once prosecuted Markel, recusal is moot in light of our disposition and because there are no issues pending before Judge Kelley.[4]

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015

---

[4] It does not appear that Markel raised this issue before Judge Kelley. In any event, we note that Markel suffered no actual prejudice as Judge Kelly's decision was legally correct.