IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Poore,                           :
                                         :
                    Petitioner           :
                                         :
          v.                             : No. 423 M.D. 2021
                                         : Submitted: February 17, 2023
Pennsylvania Department                  :
of Corrections, Office of Population     :
Management and Sentence                  :
Computation,                             :
                                         :
                    Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  June 23, 2023


          Before this Court, in our original jurisdiction, are the Pennsylvania
Department of Corrections, Office of Population Management and Sentence
Computation's (Department), Preliminary Objections in the nature of a demurrer
(POs) to the Petition for Writ of Mandamus (Petition) filed *pro se* by Matthew Poore
(Inmate).  For the foregoing reasons, we sustain the Department's POs and dismiss
the Petition.

          On June 18, 2018, Inmate was sentenced in the Berks County Court of
Common Pleas (trial court) to a split sentence (First Sentence):  Inmate was to serve

a term of 238 days to 23 months in the Berks County Jail System on 1 count of possession of a controlled substance,[1] and 1 year of probation for 1 count of possession of drug paraphernalia.[2] Petition, Exhibits 1 & 2. Because Inmate had already served the minimum sentence while awaiting sentencing on these charges, the trial court ordered that Inmate was to receive 238 days of credit for the time that he had already served. *Id.*, Exhibit 1.

On October 24, 2018, the trial court sentenced Inmate to another split sentence (Second Sentence): Inmate was to serve one to three years in a State Correctional Institution followed by two years of probation on one count of terroristic threats,[3] to be served consecutively to the First Sentence. Petition, Exhibits 3 and 4. Pursuant to Section 9757 of the Sentencing Code (Code), 42 Pa. C.S. §9757, the Department aggregated Inmate's sentences for a total aggregate sentence of 1 year, 7 months, and 26 days to 4 years, 11 months. *Id.*, Exhibit 5. This aggregation yielded a minimum sentence date of June 28, 2019, and a maximum sentence date of September 23, 2022. *Id.*

Consequently, on November 24, 2021, Inmate filed the instant Petition seeking a determination that his sentences had been improperly aggregated. Therein, Inmate contends that the Second Sentence was directed to begin "at the expiration of [his First Sentence]." Petition at 3. Because the First Sentence stated that Inmate was to be credited with 238 days, and because he was "released from the Berks County Jail to county parole by order of the court . . . to the state detainer" on June

---

[1] Section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(16).

[2] Section 13(a)(32) of the Drug Act, 35 P.S. §780-113(a)(32).

[3] Section 2706(a)(1) of the Crimes Code, 18 Pa. C.S. §2706(a)(1).

18, 2018, Inmate notes that he became available to serve his Second Sentence on that date. *Id*. However, Inmate argues that the Department improperly aggregated his sentences, causing the Department to overcalculate his maximum sentence date as September 23, 2022. *Id*. at 4. Further, Inmate argues that the Department "is responsible for the proper calculation of inmates' sentences" and "because [the Department owes] a duty to perform an administrative task charged to it . . . [this Petition is his] only means of redressing this miscarriage of justice." *Id*. Therefore, Inmate asks this Court to order the Department to calculate his sentences without aggregating them.[4]

In its POs, the Department asserts that Inmate lacks a clear right to relief because it was "obligated to aggregate the consecutive sentences." POs at 3-4. Moreover, the Department contends that (1) "its duty is to follow the trial court's order"; and (2) it "had a duty to add the maximum component in each sentence in computing the aggregate sentence." *Id*. at 4. As such, the Department owes no corresponding duty to Inmate to provide the relief he is seeking. *Id*. Thus, the Department asks this Court to sustain its POs and dismiss Inmate's Petition.[5]

In considering the POs, this Court must consider as true all the well-pleaded material facts set forth in the Petition and all reasonable inferences that may

---

[4] Presumably, Inmate wishes to have the maximum sentence date on his Second Sentence calculated from the date that he began constructive parole to serve that sentence. If so, Inmate's June 18, 2018 constructive parole date would result in a June 18, 2021 maximum sentence date, more than a year earlier than the Department's calculation based on aggregation.

[5] On September 23, 2022, the Department released Inmate on parole. By October 14, 2022 Order, we directed Inmate to show cause as to why this action should not be dismissed as moot. In his response, Inmate argued that "[a] two-year consecutive probation commenced at the expiration of the order imposed in [the Second Sentence]. Therefore, the proper calculation of his sentence . . . directly affects the proper calculation of his probation term which he is currently serving." Petitioner's Response to Rule to Show Cause at 1. By Order dated October 27, 2022, we discharged the rule.

be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). The POs will be sustained only in cases clear and free from doubt that the facts pleaded are legally insufficient to establish a right to legal relief. *Werner v. Zazyczny*, 681 A.2d 1331, 1335 (Pa. 1996).

"Mandamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other adequate and appropriate remedy." *Sheffield v. Department of Corrections*, 894 A.2d 836, 840 (Pa. Cmwlth. 2006), *aff'd*, 934 A.2d 1161 (Pa. 2007). Similarly, the purpose of mandamus is to enforce those rights already established "beyond peradventure," rather than to establish rights in and of themselves. *Africa v. Horn*, 701 A.2d 273, 275 (Pa. Cmwlth. 1997). However, this Court has recognized that it may issue a writ of mandamus to compel the Department to properly compute a prisoner's sentence. *Barndt v. Department of Corrections*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006).

The Department argues that Inmate lacks a clear right to relief, because it is statutorily required to aggregate his consecutive sentences. In this regard, Section 9757 of the Code provides:

> Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

42 Pa. C.S. §9757. Specifically, the Department cites *Gillespie v. Department of Corrections*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987), wherein this Court held that "[o]ur reading of [Section 9757 of the Code] and interpretive case law compels us

4

to conclude that once the sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is automatic and mandatory under [Section] 9757."

Conversely, Inmate argues that "he is entitled to issuance of the writ because he establishe[d] a clear legal right thereto as he was already paroled on [the First Sentence], and notwithstanding the fact that he remained incarcerated, he was nonetheless on '*constructive parole*.'" Petitioner's Brief at 9 (emphasis in original). Hence, Inmate contends the Department has "fail[ed] to demonstrate how aggregation under Section 9757 appl[ies] to persons released under *constructive parole* . . . ." Petitioner's Brief at 11 (emphasis in original). Ultimately, we find Inmate's argument unavailing.

In *Gillespie*, this Court noted that "Section 9757. . . require[s] the aggregation and preservation of the maximum terms of the consecutive sentences. . . . To hold otherwise would allow for the possibility of constructive parole to shorten the aggregated maximum term." 527 A.2d at 1065. We found this possibility contrary to Section 9757, because to shorten the maximum term could cause the minimum term to "exceed one-half of the maximum term," in violation of Section 9757's last sentence. *Gillespie*, 527 A.2d at 1065. As such, this Court has explicitly considered the application of Section 9757 to inmates already released on constructive parole.

Here, the Department is correct in noting that the imposition of consecutive sentences automatically compels the Department to aggregate the sentences. *Gillespie*, 527 A.2d at 165. Consequently, Section 9757 does not grant the Department any degree of discretion in this matter. *Id.* Because the trial court ordered Inmate's Second Sentence to run consecutively to the First Sentence,

5

Section 9757 required the Department to aggregate Inmate's sentences. In so doing, the Department preserved the maximum component of each sentence, as our case law requires. Thus, the Department correctly calculated Inmate's sentences and Inmate has failed to establish a clear legal right to mandamus relief.[6]

Accordingly, we sustain the Department's POs and dismiss Inmate's Petition.

_____
MICHAEL H. WOJCIK, Judge

---

[6] To the extent that the trial court's parole release letter, Petition, Exhibit D, contravenes Section 9757's requirements, it may not be enforced. *See, e.g.*, *Lawrence v. Pennsylvania Department of Corrections*, 941 A.2d 70, 72 (Pa. Cmwlth. 2007) ("'No one, however, has a right and this Court, indeed, lacks the authority to compel an illegal act.' *Doxsey*[ *v. Commonwealth*, 674 A.2d 1173, 1175 (Pa. Cmwlth. 1996)]. Mandamus is therefore not available to compel the [Department's] compliance with an illegal sentencing order. *Id.*").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Matthew Poore, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 423 M.D. 2021 |
| | : | |
| Pennsylvania Department | : | |
| of Corrections, Office of Population | : | |
| Management and Sentence | : | |
| Computation, | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 23rd day of June, 2023, the Preliminary Objections in the nature of a demurrer filed by the Pennsylvania Department of Corrections, Office of Population Management and Sentence Computation, are SUSTAINED, and the Petition for Writ of Mandamus filed by Matthew Poore is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge