# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
         :
       v.          :    No. 1409 C.D. 2021
         :    Submitted: January 27, 2023
Jeremie Alan Baker,        :
         Appellant    :


BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
            **HONORABLE MICHAEL H. WOJCIK,** Judge
            **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: March 20, 2024**

Jeremie Alan Baker (Baker), pro se, appeals from an Order of the Court of Common Pleas of Adams County (trial court) denying Baker's serial pleadings regarding his sentence computation and credit. Baker argues his minimum and maximum dates for his sentence were miscalculated and he is not receiving adequate credit for time served. After review, we affirm.

On December 9, 2014, a jury found Baker guilty of burglary, robbery, criminal conspiracy to commit robbery, and theft by unlawful taking. (Sentencing Order, Original Record (O.R.) Item 47.) On February 17, 2015, President Judge Michael A. George of Adams County sentenced Baker to an aggregate sentence of 11 to 22 years in a State Correctional Institution. (*Id.*) On the burglary count, Baker was sentenced to 5 to 10 years; on the robbery count, 6 to 12 years; and on the criminal

conspiracy to commit robbery count, 5 to 10 years.[1]  (*Id*.)  The burglary and conspiracy to commit robbery counts were to run concurrently, while the robbery count was to run consecutively. (*Id*.)  His sentence commenced as of May 22, 2014, crediting Baker with 271 days. (*Id*.)  The trial court noted Baker committed these crimes while he was on state parole for a prior felony offense. (*Id*.)

On June 5, 2019, Baker filed a letter with the trial court styled as a "Motion to Amend [the] Sentencing Order" stating he "just found out" that his minimum sentence date was not in 2025 and arguing since his 11- to 22-year sentence began on May 22, 2014, his minimum sentence date should be in 2025.  (O.R. Item 168.) He also argued the Department of Corrections (DOC) was not giving him adequate credit for time served.  (*Id*.)  In a subsequent filing, filed August 3, 2020, Baker asked that his aggregate sentence be modified to a 6- to 12-year sentence due to his completion of numerous programs, starting his own program, and obtaining his certified peer specialist license.  (O.R. Item 169.)  On March 19, 2021, Baker filed a "Motion for Sentence Modification," asking for a "modification of sentence or time ran concurrent" and asserting he was not being given full credit for his sentence. (O.R. Item 172.)  Thereto, he attached an "Inmate's Request to Staff Member" wherein he asked DOC to clarify his minimum and maximum dates, which DOC replied were August 3, 2027, and August 3, 2038, respectively.  (*Id*.)  On March 22, 2021, the trial court denied Baker's Motion for Sentence Modification because it lacked jurisdiction to modify his original sentence.  (O.R. Item 173.)  That same day, Baker filed a "Petition to Amend Sentence or Modification," stating his minimum date should be in the year 2025, not 2027, noting he should be given adequate credit for time served, and asking if his aggregate sentence could be modified to a total of

---

[1] The theft offense merged with the burglary offense as a matter of law.  (O.R. Item 47.)

2

6 to 12 years. (O.R. Item 174.) On March 31, 2021, the trial court denied Baker's pleading because it lacked jurisdiction. (O.R. Item 175.) On May 24, 2021, Baker filed a "Motion for Sentence Modification Time Credited" and a "Motion [under] 42 Pa.C.S. § 5505[2] and 5524(7)[3]" (collectively, Motions), asserting that he should be given credit for time served, that his aggregate sentence should be modified to be 6 to 12 years, and that the trial court has jurisdiction to modify his sentence under 42 Pa.C.S. § 5505 and 42 Pa.C.S. § 5524(7). (O.R. Item 179.) The trial court denied the Motions in its Order filed May 27, 2021, which is the subject of this appeal. (O.R. Item 180.) Baker appealed the trial court's Order to the Superior Court,[4] and the trial court ordered Baker to file a Concise Statement of Errors pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b). (O.R. Items 184, 187.) Baker filed a Concise Statement on July 22, 2021, reasserting that he

---

[2] Section 5505 of the Judicial Code provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

[3] Section 5524(7) of the Judicial Code provides:

The following actions and proceedings must be commenced within two years:

. . . .

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5524(7).

[4] The Superior Court transferred the matter to this Court because it interpreted Baker's appeal as a challenge to the calculation of credit for time served, citing 42 Pa.C.S. § 761. (Superior Court Order, 11/8/2021.)

3

should have been given credit for time served and his minimum date should be in 2025, not 2027. (O.R. Item 188.)

In its Opinion pursuant to Rule 1925(a), Pa.R.A.P. 1925(a), the trial court recommended Baker's appeal be denied. The trial court stated Baker's pleading "appeared to raise three claims: (1) a [m]otion for [s]entence [m]odification seeking concurrent sentencing; (2) a [m]otion [u]nder 42 Pa.[]C.S. § 5505 (relating to modification of orders); and (3) a [m]otion [u]nder 42 Pa.[]C.S. § 5524(7) (relating to two-year statute of limitations for a civil action)." (Trial Court Opinion (Trial Ct. Op.) at 1.) The trial court concluded Baker's arguments under 42 Pa.C.S. § 5505 and 42 Pa.C.S. § 5524(7) are "frivolous" because, first, Section 5505 allows a trial court to modify a sentencing order within 30 days of entry in the event an appeal has not been taken, and 30 days had passed. Exceptions to this rule include clerical errors, and there was no "clear clerical error" in Baker's sentence imposed on February 17, 2015. (*Id*. at 2.) Next, the trial court stated Section 5524(7) pertains to the statute of limitations in "civil trespass actions[,]" which does not relate to Baker's appeal. (*Id*.) The trial court then explained "[t]he primary thrust of [Baker]'s challenge relates to a claim that [DOC] has not adequately credited his sentence[,]" and he requests the trial court enter an order to alter his aggregate sentence to 6 to 12 years. (*Id*. at 3.) The trial court reasoned it does not have jurisdiction to modify a sentence beyond 30 days following the date of sentencing. Accordingly, the trial court denied the Motions.

On appeal to this Court,[5] Baker contends the trial court's sentencing order "issued a minimum date as May 22, 2025[,] and a maximum expiration date of May

---

[5] This Court's "review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Mojica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020).

4

22, 2036[, but] DOC issued new minimum and maximum dates of August 3, 2027[,] and August 3, 2038." (Baker's Brief (Br.) at 7.) Baker states that the sentencing order controls, and a sentencing court may modify a sentencing order only in limited circumstances. (*Id.*) Baker goes on to explain that in *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127 (Pa. 2005), *Commonwealth ex rel. Powell v. Pennsylvania Department of Corrections*, 14 A.3d 912 (Pa. Cmwlth. 2011), and *Barndt v. Pennsylvania Department of Corrections*, 902 A.2d 589 (Pa. Cmwlth. 2006), the petitioners therein filed writs of mandamus seeking to compel DOC to recalculate their sentences, as the courts have "ruled that []DOC [is] charged with implementing sentences imposed by the [sentencing c]ourt . . . ." (Baker's Br. at 8.) Baker concluded that DOC "has no authority or discretion to add two and a half [] years to [his] sentence[,]" and his sentence "should be remanded [] to the [trial c]ourt for correction[.]" (*Id.*)[6]

A trial court has authority to modify an order within 30 days of its entry if no appeal from such order has been taken. 42 Pa.C.S. § 5505. "[O]nce the [30]-day period expires, the trial court usually loses the power to alter its orders." *Commonwealth v. Kremer*, 206 A.3d 543, 548 (Pa. Super. 2019).[7] One exception to the rule enumerated in Section 5505 is the trial court's power to correct clerical errors beyond the 30-day period. *Id.* However, the "exception to the general rule of Section 5505 cannot expand to swallow the rule[,]" and this power "does not extend to reconsideration of a court's exercise of sentencing discretion." *Commonwealth v. Holmes*, 933 A.2d 57, 66-67 (Pa. 2007). The clerical error must be "obvious[,]"

---

[6] The Commonwealth elected not to file a brief and wished to rely on the trial court's Order.

[7] Pennsylvania Superior Court cases are not binding on this Court; however, when such cases discuss analogous issues, they offer persuasive precedent. *Stahl v. Workers' Comp. Appeal Bd. (E. Hempfield Twp.)*, 242 A.3d 3, 13 n.6 (Pa. Cmwlth. 2020) (citing *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018)).

"clear[,]" and "incompatible with the record[.]" *Id*. at 66-67. In general, "[t]he text of the sentencing order is determinative of the court's sentencing intentions and the sentence imposed." *Allen v. Dep't of Corr.*, 103 A.3d 365, 371 (Pa. Cmwlth. 2014). Further,

> pursuant to Section 9756 of the Sentencing Code, [42 Pa.C.S. § 9756,] the sentencing court imposes an indeterminate sentence but specifies the maximum and minimum terms . . . . [B]ecause an inmate may have other sentences which he has to serve, "[DOC] . . . is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction." *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987), *appeal denied*, 540 A.2d 535 (Pa. 1988).

*Branch v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 754 C.D. 2015, filed Jan. 29, 2016), slip op. at 14-15.[8] *See also Lee v. Pa. Bd. of Prob. & Parole*, 251 A.3d 842, 848 (Pa. Cmwlth. 2021) (reiterating that DOC is responsible for calculating minimum and maximum terms).

The trial court interpreted Baker's Motions as seeking sentence modifications and concluded it did not have jurisdiction to modify Baker's sentence. Specifically, Baker sought credit for time served and modification of his sentence to 6 to 12 years. (O.R. Item 179.) Under Section 5505, the trial court may not alter a sentencing order beyond 30 days unless there is a clear clerical error. 42 Pa.C.S. § 5505. The sentencing order, issued February 17, 2015, provides the effective date of Baker's 11- to 22-year sentence was May 22, 2014, the day Baker committed the offenses, awarding 271 days credit. Baker's sentence for burglary (5 to 10 years) was to run concurrently to his sentence for conspiracy (5 to 10 years), and his sentence for robbery (6 to 12 years) was to run consecutively to his sentences for burglary and

---

[8] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court, while not binding, may be cited for its persuasive value.

conspiracy, totaling 11 to 22 years. Thus, Baker was sentenced on February 17, 2015, to a total of 11 to 22 years set to begin on May 22, 2014, crediting Baker with 271 days. Based on the sentencing order, we cannot say that the trial court erred in denying Baker's Motions as there appears to be no clear clerical error over which the trial court could modify Baker's sentence beyond the 30-day period outlined in Section 5505 of the Judicial Code. To the extent there was error based on the calculation of credit for time served, as Baker argues his minimum date should be in 2025, not 2027, DOC is responsible for the calculation of minimum and maximum terms, not the trial court. *Gillespie*, 527 A.2d at 1065; *Branch*, slip op. at 14-15; *Lee*, 251 A.3d at 848.

If Baker is attempting to obtain a writ of mandamus from this Court,[9] such a filing must be initiated by a petition for review addressed to our original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761. *Barndt*, 902 A.2d at 598 ("Where a trial court's sentencing order is legal on its face . . . a prisoner may petition this Court in our original jurisdiction seeking a writ of mandamus to compel DOC to properly compute a prisoner's prison sentence.") (citation omitted); *Allen*, 103 A.3d at 370 ("[M]andamus is the appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit."). Baker **appealed the trial court's Order** denying his Motions for sentence modifications – Baker did not file

---

[9] "A proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty." *Allen*, 103 A.3d at 369 (citation omitted). The Court will issue a writ of mandamus only if: "(1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the defendant possesses a corresponding duty to perform the act; and[] (3) the petitioner possesses no other adequate or appropriate remedy." *Id.* at 369-70.

a petition for review in our original jurisdiction seeking a writ of mandamus to compel DOC to properly compute his sentence. Although Baker seems to challenge DOC's calculation of his minimum and maximum dates in his appeal, the record is devoid of DOC's calculation. The record does include Baker's "Inmate's Request to Staff Member" wherein DOC stated Baker's minimum date is August 3, 2027, and his maximum date is August 3, 2038, (O.R. Item 172), but there is no computation data to evidence how DOC calculated these minimum and maximum dates. Baker attaches a Sentence Status Summary as of January 25, 2018, to his Brief, but we cannot consider attachments to filings that are not in the record. *See Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 713 n.6 (Pa. Cmwlth. 2013) ("It is well[ ]settled that the Court may not consider information attached to a brief but not part of the [] record."). Moreover, as stated above, DOC is responsible for calculating minimum and maximum terms, not the trial court. *See Lee*, 251 A.3d at 848 (explaining "this Court [] routinely entertain[s] petitions for review in [] mandamus seeking orders to compel **DOC** to [] credit time [] served[,]" and the petitioner therein needed to name DOC as a party for the action to be considered a petition for review in mandamus) (emphasis in original) (brackets omitted). Therefore, if Baker is attempting to file a petition for writ of mandamus, we cannot consider it at this stage.

In conclusion, because the sentencing order does not show any clear clerical errors, the trial court did not err in denying Baker's Motions to modify his sentence as it did not have jurisdiction to do so. Additionally, because Baker's challenge as to DOC's computation of his sentence was not in the form of a petition for writ of mandamus addressed to this Court's original jurisdiction, we may not consider it at this time. Accordingly, we affirm the trial court's Order.

_____

**RENÉE COHN JUBELIRER,** President Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
             v.           :   No.  1409 C.D. 2021
    :
Jeremie Alan Baker,    :
             Appellant    :

## **O R D E R**

**NOW**, March 20, 2024, the Order of the Court of Common Pleas of Adams County, entered May 27, 2021, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge