IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Hernandez,             :
         Petitioner         :
                         :   No.  207 C.D. 2020
          v.              :
                         :   Submitted:  May 7, 2021
Pennsylvania Board of     :
Probation and Parole,     :
         Respondent    :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED:  August 6, 2021


        Michael E. Brunnabend, Esquire (Counsel), seeks permission to withdraw as counsel on behalf of petitioner, Antonio Hernandez (Hernandez). Hernandez petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board),[1] mailed on December 10, 2019,[2] which granted his petition for

---

[1] Hernandez filed his petition for review with this Court on February 26, 2020. Prior thereto, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§6101, 6111(a).

[2] Hernandez's petition for review purports to appeal correspondence from the Board dated February 3, 2020. However, the Board's final order was mailed on December 10, 2019. By way of background, Hernandez initially filed a "Petition for Writ of Mandamus," docketed at No. 662 M.D. 2019, requesting that this Court issue a writ of mandamus directing the Board to address his administrative appeal. The Board filed an answer to the petition, indicating that it had issued the
**(Footnote continued on next page…)**

administrative review and recalculated Hernandez's maximum sentence to account for 1,001 unexpired days on his original sentence, making his new maximum sentence date December 6, 2021, and his reparole eligibility date September 6, 2020. Upon review, we grant Counsel's petition to withdraw as counsel and affirm the Board's decision.

## Background

In April 2004, Hernandez pled guilty in the Northampton County Court of Common Pleas to various drug and conspiracy charges and was sentenced to 1 year and 6 months to 3 years of incarceration. (Certified Record (C.R.) at 1.) In addition, in May 2004, Hernandez pled guilty in the Lehigh County Court of Common Pleas to driving under the influence (DUI) and was sentenced to 90 days to 1 year and 6 months of incarceration. (*Id.*) These consecutive sentences were aggregated into a total sentence of 1 year, 8 months, and 29 days to 4 years and 6 months. (*Id.* at 2.) Thus, at the time of his sentencing, Hernandez's minimum sentence date was December 13, 2005, and his maximum sentence date was September 14, 2008. (*Id.*)

On December 13, 2005, the Board released Hernandez on parole from his original sentences. (C.R. at 7.) On May 2, 2008, the Federal Bureau of

December 10, 2019 decision in response to Hernandez's appeal, and thus, the matter should be dismissed as moot. We noted in our February 3, 2020 order that Hernandez received the relief he requested and that his remaining claims were properly brought in our appellate jurisdiction. We therefore dismissed the matter as moot and permitted Hernandez to file a timely petition for review in our appellate jurisdiction from the Board's December 10, 2019 decision within 30 days of the order's exit date, which he did. Thus, although Hernandez's petition for review in the instant matter appears to be untimely pursuant to Pennsylvania Rule of Appellate Procedure 1512(a)(1), Pa.R.A.P. 1512(a)(1), because it was filed on February 26, 2020, more than 30 days after the Board's December 10, 2019 decision, it is in fact timely because it was filed within 30 days of the exit date of our February 3, 2020 order issued at No. 662 M.D. 2019.

Investigation arrested Hernandez on drug and firearms charges, and the Board issued a warrant to commit and detain him that same day. (*Id.* at 10-11, 15.) By decision recorded on June 25, 2008, the Board detained Hernandez pending resolution of the federal criminal charges. (*Id.* at 15.) Hernandez was declared delinquent for control purposes effective May 1, 2008. (*Id.* at 19.)

On January 12, 2009, Hernandez pled guilty in federal court to the offenses of conspiracy to distribute a controlled substance, distribution of cocaine, possession with intent to distribute crack, and possession with intent to distribute cocaine. (C.R. at 43, 57.) On March 11, 2009, the Board issued another warrant to commit and detain Hernandez. (*Id.* at 41.) Shortly thereafter, the Board commenced parole revocation proceedings. (*Id.* at 42-43.) On March 26, 2009, Hernandez waived his rights to counsel and to panel and revocation hearings, and he admitted to his federal convictions. (*Id.* at 44-46.) On June 11, 2009, the Board issued a decision recommitting Hernandez as a convicted parole violator (CPV) to serve 18 months of backtime, when available, pending his federal sentencing and return to a state correctional institution. (*Id.* at 62.) Hernandez was subsequently sentenced on July 1, 2009, to 4 concurrent sentences of 240 months of incarceration and 10 years of supervised release. (*Id.* at 65-66, 68.) Thereafter, on November 2, 2009, the Board issued a warrant for arrest of paroled prisoner, indicating that although Hernandez's original maximum sentence date of September 14, 2008, had passed, the date was being extended due to his new federal criminal convictions, and that a new maximum date would be calculated upon recording of the Board's final action. (*Id.* at 63.)

On March 11, 2019, pursuant to changes in federal law and by agreement of the parties, United States District Court Judge Jeffrey L. Schmehl issued an order reducing Hernandez's term of imprisonment to time served and

3

directing the Bureau of Prisons to process Hernandez's release from federal custody within 10 days. (C.R. at 64.) By Board action mailed on March 22, 2019, the Board referred to its prior action recorded on June 5, 2009 (mailed on June 11, 2009), recommitting Hernandez as a CPV to serve 18 months of backtime and advised Hernandez that his recalculated maximum date was December 11, 2021. (*Id.* at 77.) In its accompanying order to recommit, the Board determined that Hernandez owed 1,006 days of backtime, and added those days to his custody for return date of March 11, 2019, which yielded a new maximum sentence date of December 11, 2021, and a reparole eligibility date of September 11, 2020. (*Id.* at 75-77.)

Hernandez filed a *pro se* administrative remedies form, which the Board received on April 1, 2019. (C.R. at 79-81.) Hernandez alleged that the Board erred in its calculation of his maximum and parole eligibility dates because he owed less backtime than 1,006 days. (*Id.*) Specifically, Hernandez contended that he "max[ed] out [on the Northampton County case while he] was on supervised release[,]" and, therefore, he owed only 18 months of backtime associated with his Lehigh County sentence stemming from his DUI guilty plea. (*Id.* at 80.)[3]

By decision mailed on December 10, 2019, the Board granted Hernandez's petition for administrative review. (C.R. at 86-87.) The Board

---

[3] Hernandez filed a second administrative remedies form on December 30, 2019, essentially making the same arguments as in his April 1, 2019 appeal. (C.R. at 91-93.) Hernandez subsequently mailed the Board additional correspondence regarding his appeal, which the Board received on January 3, 2020, and January 31, 2020. (*Id.* at 95-102.) Through correspondence that Hernandez indicates he received on February 3, 2020, the Board notified Hernandez that it considered his December 30, 2019, January 3, 2020, and January 31, 2020 letters "second or subsequent administrative appeals/petitions for administrative review[,]" which the Board could not accept according to 37 Pa. Code §73.1. (*Id.* at 103.) The Board advised Hernandez that "the appropriate avenue for relief would have been to address [his] appeal [to] Commonwealth Court." (*Id.*)

explained that Hernandez was paroled on December 13, 2005, with a maximum date of September 14, 2008, leaving him with a total of 1,006 days remaining on his original sentence. (*Id.* at 86.) The Board also explained that its decision to recommit Hernandez authorized the recalculation of his maximum date to reflect that he received no credit for his time spent at liberty on parole. (*Id.* at 86.) The Board did not grant Hernandez credit for any time spent at liberty on parole because, "[a]t the time of [Hernandez's] revocation hearing in May 2009, the Board was not authorized to grant credit for any time spent at liberty on parole." (*Id.*) The Board then explained its recalculation of Hernandez's maximum date, noting that a Board detainer was lodged against Hernandez on May 2, 2008, and that he was arraigned on May 7, 2008, and ordered into pre-trial detention by a federal judge. There was no indication that he posted bail. Thereafter, he pled guilty to the federal charges on January 12, 2009, and was sentenced to a new term of incarceration in a federal correctional facility on June 30, 2009. Based on those facts, the Board determined that Hernandez was "entitled to *5 days of pre-sentence credit* from May 2, 2008[,] to May 7, 2008[,] because [Hernandez] w[as] solely incarcerated on the [B]oard detainer during that period." (*Id.* at 86 (emphasis in original).) Subtracting 5 days from 1,006 days left Hernandez with 1,001 days remaining on his original sentence. Because Hernandez remained in federal custody until March 11, 2019, when his federal sentence was reduced to time served, he became available to begin serving the backtime on his original sentence on that date. Thus, adding 1,001 days to March 11, 2019, yielded a recalculated maximum date of December 6, 2021,[4] and a new

---

[4] We note that more than 18 months have elapsed since the Board's decision that revoked Hernandez's parole and ordered him to serve backtime, and it appears that Hernandez is no longer incarcerated within our Commonwealth's prison system. *See* Cmwlth. Ct. Order dated Sept. 22, 2020 (noting that Hernandez no longer resides in Northumberland County, i.e., at State Correctional

**(Footnote continued on next page…)**

reparole eligibility date of September 6, 2020. (*Id*.) The Board therefore reversed its March 22, 2019 decision with respect to Hernandez's maximum date. (*Id.* at 87.) On February 26, 2020, Hernandez filed a *pro se* petition for review with this Court. By *per curiam* order dated September 22, 2020, this Court appointed the Public Defender of Lehigh County to represent Hernandez.

## Discussion

Subsequent to the filing of the petition for review, Counsel filed the petition to withdraw as counsel. Thus, before examining the merits of Hernandez's petition for review, we must first address Counsel's petition to withdraw. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In order to withdraw, counsel must fulfill the procedural requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). Under *Craig*, counsel must notify the petitioner of his request to withdraw, furnish the petitioner with either a copy of a brief complying with *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and inform the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Craig*, 502 A.2d at 760-61. For counsel to withdraw pursuant to *Anders/Turner*,

---

Institution-Coal Township), and Counsel's *Anders* Brief filed on Feb. 5, 2021, Proof of Service (listing Hernandez's mailing address as a private residence). Thus, it appears that Hernandez has either completed the backtime imposed upon him by the Board or has been reparoled and is no longer in its custody. Nevertheless, as the recalculated maximum date on Hernandez's original sentence is December 6, 2021, this matter is not moot. *See Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) ("[T]he expiration of a parolee's maximum term renders an appeal of a Board revocation order moot.").

6

[t]he brief or letter must set forth (1) the nature and extent of counsel's review of the case; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis concluding that the appeal is frivolous.

*Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003). If counsel satisfies these requirements, this Court will conduct its own review of the merits of the case, and, if the Court agrees with counsel, we will permit counsel to withdraw. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).

Where an inmate has a constitutional right to counsel, an *Anders* brief is required and withdrawal is allowed where the appeal is wholly frivolous. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-26 (Pa. Cmwlth. 2009) (*en banc*). If there is not a constitutional right to counsel, counsel may satisfy his obligations by filing a no-merit letter, rather than an *Anders* brief, and the standard is whether the claims on appeal are without merit. *Seilhamer*, 996 A.2d at 42 n.4. Because Hernandez does not have a constitutional right to counsel, we apply the no merit standard.[5] When appointed counsel files an *Anders* brief when a no-merit letter would have been sufficient, as is true here, this Court will accept the

---

[5] A constitutional right to counsel exists in a parole revocation matter where a parolee raises

[a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Here, Hernandez is only seeking review of issues related to the recalculation of his maximum date and, therefore, he has no constitutional right to counsel.

*Anders* brief in lieu of a no-merit letter if the *Anders* brief complies with the substantive requirements of a no-merit letter.[6] *Id*. at 42-43.

In this matter, Counsel has satisfied his duty pursuant to *Craig*. Attached to Counsel's petition to withdraw is a letter Counsel wrote to Hernandez indicating Counsel's intention to file a petition to withdraw. (Petition to Withdraw as Counsel, App. A.) Through the letter, and by serving Hernandez with a copy of the Court's February 10, 2021 order, Counsel has informed Hernandez of his right to retain substitute counsel, to proceed *pro se*, and to raise any other points that Hernandez deems worthy of merit. (*Id*.) According to his letter, Counsel has also furnished Hernandez with a copy of the *Anders* brief.

Furthermore, Counsel has also discharged his duties pursuant to *Anders/Turner*. Counsel's *Anders* brief sets forth the nature and extent of Counsel's review of the case, and demonstrates that he has reviewed the record and applied the facts to the applicable law. The *Anders* brief addresses the issues that Hernandez raised in his petition for review and explains why Hernandez's contentions are meritless. Because Counsel has satisfied his duties pursuant to *Craig* and *Anders/Turner*, we will now independently review Hernandez's claims.[7]

Hernandez argues that the sentence he received from pleading guilty to the drug and conspiracy charges in Northampton County and his Lehigh County

---

[6] It appears that Counsel filed both a no-merit letter, which is attached to the petition to withdraw, and a separate *Anders* brief in this case.

[7] Our standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

8

sentence stemming from his DUI guilty plea should be disaggregated, even though they are consecutive sentences. Once disaggregated, Hernandez maintains that he completed the Northampton County sentence while at liberty on parole and prior to his incarceration on the federal drug charges, and, therefore, the only backtime he owes is the balance of his Lehigh County sentence. According to Hernandez, his maximum date should be June 6, 2020, rather than December 6, 2021.

The aggregation of consecutive sentences imposed by a sentencing court is "automatic and mandatory" pursuant to Section 9757 of the Sentencing Code, 42 Pa.C.S. §9757.[8] *Forbes v. Pennsylvania Department of Corrections*, 931 A.2d 88, 92 (Pa. Cmwlth. 2007), *aff'd*, 946 A.2d 103 (Pa. 2008) (quoting *Gillespie v. Department of Corrections*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987)). When consecutive sentences are aggregated, "an inmate receives a new minimum and maximum sentence release date based on 'the total of all offenses with respect to which sentence is imposed[.]'" *Moss v. SCI-Mahanoy Superintendent Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1135-36 (Pa. Cmwlth. 2018) (quoting 42 Pa.C.S. §9757).

In his *Anders* brief, Counsel explains that Hernandez's argument lacks merit because this Court held in *Gillespie* that aggregated sentences cannot be

---

[8] Section 9757 of the Sentencing Code provides:

Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

42 Pa.C.S. §9757.

"uncoupled." We agree with Counsel. The petitioner in *Gillespie* received 2 sentences at different times and in different counties – the first mandated a term of incarceration of 5 to 10 years, and, while the petitioner was serving that sentence, he was sentenced to a second term of 3 to 6 months that was ordered to run consecutively to the previously imposed 5- to 10-year sentence. *Gillespie*, 527 A.2d at 1063. The sentences were aggregated pursuant to Section 9757 of the Sentencing Code, resulting in a total sentence of 5 years and 3 months to 10 years and 6 months. *Id.* The petitioner argued, *inter alia*, that the Board erred by not considering him for parole after the expiration of the minimum term of his initial 5- to 10-year sentence. *Id.* at 1063-64. He sought an order directing the Board to retroactively parole him from his initial sentence effective on the minimum date of that individual sentence. *Id.* The petitioner essentially requested, as Hernandez does here, that the Court disaggregate his aggregated sentence and parole him upon the expiration of his initial sentence's minimum term.

The Court in *Gillespie*, however, construed Section 9757 of the Sentencing Code to require that the petitioner "serve the aggregate of **all** the minimum terms imposed under the various consecutive sentences." *Id.* at 1065 (emphasis in original). We also stated that the final sentence of Section 9757 has been construed to "**require the aggregation and preservation of the maximum terms of the consecutive sentences**[,]" and, "[i]n so doing, both the minimum and maximum terms of each sentence are preserved." *Id.* (emphasis added). To hold otherwise, we said, would "allow for the possibility of constructive parole to shorten the aggregated maximum term," which "could jeopardize the integrity of the aggregated minimum term since it may exceed one-half of the combined maximum terms if the latter were not aggregated." *Id.* Accordingly, the Court concluded that

10

the Board did not err when it refused to consider the petitioner for parole prior to the expiration of his aggregated minimum sentence, as Section 21 of the Parole Act,[9] *formerly* 61 P.S. §331.21, "expressly prohibit[ed] the Board from granting parole to any prisoner prior to the expiration of the prisoner's minimum term." *Id*. at 1066.

Pursuant to *Gillespie*, not only was the aggregation of Hernandez's consecutive sentences required, but the Board was also required to preserve the maximum term of the aggregated sentence. Indeed, as we explained in *Monroe v. Pennsylvania Board of Probation and Parole*, 725 A.2d 223, 225-26 (Pa. Cmwlth. 1999) (emphasis added), where, as here, an inmate's sentences are aggregated, he cannot "be characterized as serving one particular sentence, but rather [is] **continuously [] serving all of them pursuant to the single aggregated sentence**." Applying the above principles to the instant matter, we conclude that the Board could not disaggregate Hernandez's aggregated sentences to determine that he had "max[ed] out [on the Northampton County sentence while he] was on supervised release[,]" and thus owed only 18 months of backtime associated with his Lehigh County sentence stemming from his DUI guilty plea. (C.R. at 80.) Hernandez's argument in this regard is therefore without merit.

Based on the foregoing, Hernandez is not entitled to have his sentences disaggregated for purposes of calculating his backtime, and the Board did not err in determining that he owed 1,001 days of backtime, which is the number of days between his parole date of December 13, 2005, and his aggregated maximum

---

[9] The Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, *formerly* 61 P.S. §§331.1-331.34a, was repealed by the Act of August 11, 2009, P.L. 147, when the statute was codified as the Prisons and Parole Code (Parole Code), 61 Pa.C.S. §§101-6309. The analogue to former Section 21 of the Parole Act is Section 6137(a)(3) of the Parole Code, 61 Pa.C.S. §6137(a)(3) (relating to the Board's parole power).

sentence date of September 14, 2008, minus the 5 days Hernandez was incarcerated solely on the Board's detainer from May 2, 2008, to May 7, 2008.

## Conclusion

Accordingly, for the aforementioned reasons, we affirm the Board's order and grant Counsel's petition to withdraw as counsel.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Hernandez,           :

         Petitioner        :

                            :   No. 207 C.D. 2020

        v.                 :

                            :

Pennsylvania Board of        :

Probation and Parole,       :

         Respondent    :

## *ORDER*

AND NOW, this 6th day of August, 2021, the order of the Pennsylvania Board of Probation and Parole, mailed on December 10, 2019, is AFFIRMED, and Michael E. Brunnabend, Esquire's Petition to Withdraw as Counsel is GRANTED.

_____
PATRICIA A. McCULLOUGH, Judge